**Adron P. BRAINERD, Plaintiff-Appellant,**

v.

**Warren W. BEAL and Robert O. Dunn, Defendants-Appellees.**

No. 73–1382.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 11, 1974.

Decided May 20, 1974.

Richard M. Kates, Chicago, Ill., for plaintiff-appellant.

Gary M. Elden, Chicago, Ill., for defendants-appellees.

Before SWYGERT, Chief Judge, KILEY, Senior Circuit Judge, and CUMMINGS, Circuit Judge.

PER CURIAM.

Plaintiff Brainerd has appealed from a judgment dismissing his amended complaint for failure to state a claim upon which relief could be granted, and, in the alternative, because it was barred by the Illinois statute of limitations. We dismiss the appeal.

The complaint was based upon alleged violations by defendant bank officers of 18 U.S.C. § 1005 through issuance of a cashier's check without authorization, and the making of false entries in bank records with intent to defraud. These violations would, if proved, render the defendants individually liable for damages under 12 U.S.C. § 503.[1]

■ The district court's judgment was rendered on January 30, 1973, and the docket sheet prepared by the clerk of the court lists entry of that judgment on January 30, 1973. The notice of appeal stated it was "from the order dismissing the amended complaint entered in this action on the 30th day of January, 1973." However, the notice was not filed until March 2, 1973, a date not within thirty days from January 30. Rule 4(a) Federal Rules of Appellate Procedure. We hold that Brainerd's notice of appeal was not timely filed and that we are therefore without jurisdiction to entertain the appeal. Rule 3(a) Federal Rules of Appellate Procedure; Washington v. United States, 450 F.2d 945 (3rd Cir. 1971); Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc., 303 F.2d 609 (7th Cir. 1962).[2]

■ Brainerd misplaces his reliance upon unsworn affidavits signed by a deputy clerk of the district court stating that, based on "normal business practices," an entry dated January 30 would have been made on January 31 or February 1. The affidavits contradict the docket, as certified to us by the clerk of the court, which stated: "I, H. Stuart Cunningham, Clerk of the United States District Court for the Northern District of Illinois, do hereby certify . . . that the documents submitted . . . are the original papers filed and *entered of record in my office on the dates designated in the List of Documents . . . .*" (Emphasis added.) Furthermore, the district court's docket cannot be impeached by affidavit. Wall v. United States, 97 F.2d 672 (10th

---

1. § 503. Liability of directors and officers of member banks.

If the directors or officers of any member bank shall knowingly violate or permit any of the agents, officers, or directors of any member bank to violate any of the provisions of this section or regulations of the board made under authority thereof, or any of the provisions of sections 217, 218, 219, 220, 655, 1005, 1014, 1906, or 1909 of Title 18, every director and officer participating in or assenting to such violation shall be held liable in his personal and individual ca-

pacity for all damages which the member bank, its shareholders, or any other persons shall have sustained in consequence of such violations. As amended Sept. 3, 1954, c. 1263, § 28, 68 Stat. 1236.

2. One judge of this panel, sitting as motion judge, twice denied, prior to oral argument, defendants' motions to dismiss the appeal as untimely filed. However, the court's ruling that it has jurisdiction is always subject to reconsideration.

Cir. 1938), cert. denied, 305 U.S. 632, 59 S.Ct. 104, 83 L.Ed. 405 (1938). Accordingly, we disregard the affidavits since the practice of permitting an affidavit to change the docket date would create confusion in docketing of judgments.

 Our holding may appear harsh; yet in Washington v. United States, *supra,* the notice of appeal was filed but one day late. Were we to entertain appeals whose notices were filed one day late, in the absence of circumstances warranting a relaxation of the rule,[3] there would be no rationale for not allowing appeals whose notices were filed two days or five days late. Mechanical rules "must be mechanically applied in order to avoid [the] uncertainties" that arise when exceptions are made. United States v. Indrelunas, 411 U.S. 216, 222, 93 S.Ct. 1562, 1565, 36 L.Ed.2d 202 (1973).

Appeal dismissed.

---

3. While Brainerd offers no excuse for late filing, he requests a remand for the district court to determine "whether any untimeliness was excusable. . . ." We refuse, Evans v. Jones, 366 F.2d 772 (4th Cir. 1966); and Reed v. People of State of Michigan, 398 F.2d 800 (6th Cir. 1968), cited by Brainerd, are inapposite, since in both of those cases the possible "excusable neglect" of appellants was apparent in the record.