ELIZABETH HOUSE, Plaintiff-Appellee, *v.* DAVID J. MADDOX, Defendant-Appellant.

First District (4th Division)    No. 61224

Opinion filed February 10, 1977.

David J. Maddox, of Chicago, for appellant, *pro se.*

No brief filed for appellee.

Mr. JUSTICE LINN delivered the opinion of the court:

■■ Defendant, David J. Maddox, seeks reversal of a $3,000 judgment entered against him for legal malpractice in allowing the statute of limitations to run on the tort claim of his client, plaintiff, Elizabeth House. While no brief has been filed by the plaintiff-appellee, this court will consider the case on the merits since the issues and the record are of such a nature that it may be decided without the aid of appellee's brief. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

ISSUES:

The issues presented for review are (1) whether the failure of an expert witness to testify as to the alleged legal malpractice was reversible error; (2) whether there was proof of a valid claim which was lost by the negligence of the defendant; (3) whether the conduct of the insurance company in negotiating with defendant was a waiver by estoppel of the right to assert the statute of limitations; and (4) whether defendant was required to testify pursuant to section 60 of the Civil Practice Act in a malpractice case.

STATEMENT OF FACTS:

Plaintiff testified that on February 3, 1967, while employed as a maid in the home of Mr. and Mrs. Walter V. Neumann, she was bitten by their German Shepherd dog. Plaintiff recounted that she previously had called Mrs. Neumann and told her she was on the way to work. When she

arrived at the house she heard the dog in his outside pen. The dog had bitten her once before and the Neumanns did not let it run loose in the house when she was there. As she went into the dining room, she heard the dog coming into the house. She tried to get away but the dog caught her and bit her on the leg. She testified that the dog weighed 150 pounds and was as tall as she when it stood on its hind legs.

As a result of her injuries plaintiff was initially hospitalized for 11 days. The wounds caused a phlebitis condition for which she was hospitalized on subsequent occasions. She continued to receive treatment from her doctor for some months after her hospitalization. For a time, plaintiff was unable to work because her leg would swell when she stood.

Plaintiff attempted to negotiate a settlement of her claim for damages with the insurance carrier of her employer. She had conversations with Mr. Pietsch of the Kemper Insurance Company, in which he offered her up to $8,000 to settle her claim but no final compromise was ever reached.

On January 16, 1968, plaintiff retained defendant, a licensed attorney, to prosecute her claim. The defendant accepted the case and entered into various settlement negotiations with the insurance company.

Defendant, called as a witness by plaintiff under section 60 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 60), testified that between January 16, 1968, and February of 1969, he had about 20 phone conversations with Pietsch. During those conversations Pietsch agreed to settle the claim, and the only question was the amount, although Pietsch had offered up to $16,500. The last conversation the defendant had with Pietsch was on October 3, 1968. From then until January 31, 1969, he phoned Pietsch on the average of once a week but was never able to reach him. On January 31, 1969, the defendant received a call from an employee of Kemper, who told him Kemper would not pay the plaintiff's claim. The statute of limitations in connection with plaintiff's tort claim was due to run out three days later on February 3, 1969. Ill. Rev. Stat. 1967, ch. 83, par. 15.

The defendant took no action until September 30, 1969, almost eight months after the limitations period had expired. (Ill. Rev. Stat. 1967, ch. 83, par. 15.) He then filed suit in the circuit court of Cook County against plaintiff's former employer, Walter V. Neumann. A motion to dismiss the complaint for failure to comply with the statute of limitations was granted on December 8, 1969. The dismissal order was vacated on December 22, 1969, in order to allow plaintiff a further opportunity to present arguments against the motion to dismiss. On January 7, 1970, the court struck plaintiff's complaint against her former employer with leave to file an amended complaint within 28 days if plaintiff chose to allege there were settlement negotiations with her former employer or his insurance carrier subsequent to the expiration of the statute of limitations. An amended

complaint was not filed and a final order dismissing the cause was entered on May 21, 1970.

The plaintiff testified further that after she retained the defendant to represent her she was unable to contact him even though she called his office numerous times and left messages with his secretary. In June of 1971, plaintiff went to the defendant's home and asked him to bring the case to completion or refer the case to another lawyer, and he promised to complete the settlement and send her the money. Plaintiff's son testified he visited defendant in June or July of 1971 to determine what defendant was doing with his mother's case but he was unable to get a direct response.

On June 24, 1971, defendant signed a piece of paper on which he had written that he would send plaintiff a statement pertaining to the case, but failed to do so. In a letter received by plaintiff on July 3, 1971, defendant wrote that he was working in her best interests and that she could call on him at any time for whatever sum she needed. He enclosed a check for $100. Thereafter, plaintiff checked the court files and found that the case against her former employer had been dismissed. She then retained new counsel who unsuccessfully attempted to have the case against her former employer reinstated.

Defendant placed into evidence a statement of plaintiff's medical history and prognosis "as the history of the case." In final argument defendant claimed that he had been victimized by the insurance company.

On completion of the bench trial, the court concluded that defendant had been negligent and awarded plaintiff damages of $3,000.

OPINION:

Defendant first contends that plaintiff did not prove her case because expert testimony was not introduced with respect to the standard of care owed to his client under these particular circumstances.

■■ The law is well settled that an attorney is liable to his client for damages only when he fails to exercise a reasonable degree of care and skill, and the law distinguishes between errors of negligence and those of mistaken judgment. (*Stevens v. Walker & Dexter* (1870), 55 Ill. 151; *Bryant v. Metropolitan Motorists Association* (1959), 23 Ill. App. 2d 261, 161 N.E.2d 879.) The question of whether an attorney has exercised a reasonable degree of care and skill in representing and advising his client is one of fact (see *Priest v. Dodsworth* (1908), 235 Ill. 613, 85 N.E. 940; *Sanitary Hair Goods Co. v. Elliot* (1915), 191 Ill. App. 563), and in Illinois the standard of care against which professional actions are measured has been based on expert testimony. (*Olson v. North* (1934), 276 Ill. App. 457; *Dorf v. Relles* (7th Cir. 1966), 355 F.2d 488; *Brown v. Gitlin* (1974), 19 Ill.

App. 3d 1018, 313 N.E.2d 180; *Kohler v. Woollen, Brown & Hawkins* (1973), 15 Ill. App. 3d 455, 304 N.E.2d 677.)

In *Bonhiver v. Rotenberg, Schwartzman & Richards* (7th Cir. 1972), 461 F.2d 925, 928, the court considered the contention that the requirement of expert testimony need not apply when tried to a court without a jury:

> "Plaintiff asserts, without citing any authority therefor, that the requirement of expert testimony should not apply to the instant case because it was tried to the court without a jury and judges must be taken as being sufficiently knowledgeable with regard to the applicable standards of legal practice to determine whether Schwartzman's conduct was negligent. Although the argument has superficial appeal, it ignores the applicable case law with regard to whether judges may decide lawsuits based on their independent knowledge of facts. The Illinois Supreme Court stated in People v. Wallenberg, 24 Ill. 2d 350, 354, 181 N.E.2d 143, 145 (1962): 'A determination made by the trial judge based upon a private investigation by the court or based upon private knowledge of the court, untested by cross-examination, or any of the rules of evidence constitutes a denial of due process of law.' That rule applies to civil cases as well as to criminal cases, Nowaczyk v. Welch, 106 Ill. App. 2d 453, 462, 245 N.E.2d 894, 899 (1st Dist. 1969), and is so clearly substantive as to be applicable under Erie R.R. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938). See Cohen v. Beneficial Loan Corp., 337 U.S. 541, 556, 69 S. Ct. 1221, 93 L. Ed. 1528 (1949); Guaranty Trust Co. v. York, 326 U.S. 99, 108-109, 65 S. Ct. 1464, 89 L. Ed. 2079 (1945). Accordingly, the district court should have entered judgment for the defendant at the close of the plaintiff's evidence for failure to prove the applicable standard of conduct as required by Illinois law and for failure to prove that defendant's negligence was a cause in fact of the injury claimed."

In *Olson v. North* (1934), 276 Ill. App. 457, the court stated that the rules of evidence governing the trial of cases for malpractice against a lawyer are the same as those against a doctor or dentist. In *Bonhiver v. Rotenberg, Schwartzman & Richards* (7th Cir. 1972), 461 F.2d 925, 928, the court cited cases indicating that expert testimony is not required in all medical malpractice cases:

> "* * *In medical malpractice suits, the Illinois Appellate Court has held that expert testimony establishing deviation from the standard is required unless 'the negligence is so grossly apparent or the treatment is of such a common occurrence that a layman would have no difficulty in appraising it.' Graham v. St. Luke's Hosp., 46

Ill. App. 2d 147, 158, 196 N.E.2d 355, 360 (1st Dist. 1964); Sanders v. Frost, 112 Ill. App. 2d 234, 240-241, 251 N.E.2d 105, 107-108 (5th Dist. 1969); Dimitrijevic v. Chicago Wesley Memorial Hosp., 92 Ill. App. 2d 251, 257-260, 236 N.E.2d 309, 312-314 (1st Dist. 1968)."

This holding comports with the view taken in other jurisdictions which have recognized that expert testimony is not required in all situations. In *Butts v. Watts* (1956), 290 S.W. 2d 777, 779, the court stated:

"There is a limitation on the rule that expert testimony is essential to support a cause of action for malpractice where the common knowledge or experience of laymen is extensive enough to recognize or to infer negligence from the facts."

See also *Watkins v. Sheppard* (La. App. 1973), 278 So. 2d 890; *Central Cab Co. v. Clarke* (1970), 259 Md. 542, 270 A.2d 662.

■■  Thus, while the general rule in Illinois requires the testimony of an expert witness with respect to the standard of care owed by the lawyer to his client, expert opinion is not required in all cases. Where no issue is raised as to defendant's responsibility for allowing the statute of limitations to run, where the negligence of defendant is apparent and undisputed, and where the record discloses obvious and explicit carelessness in defendant's failure to meet the duty of care owed by him to plaintiff, the court will not require expert testimony to define further that which is already abundantly clear.

■■  In the instant case, this court concludes that the failure to comply with the statute of limitations was "so grossly apparent * * * that a layman would have no difficulty in appraising it." *Graham v. St. Luke's Hospital* (1964), 46 Ill. App. 2d 147, 158, 196 N.E.2d 355, 360.

■■  Defendant next contends that there was no proof of a valid claim which was lost by his negligence. It cannot be doubted there was a valid claim. The evidence established that plaintiff was injured, through no fault of her own, by a dog which was known to be dangerous. These facts establish a cause of action under the laws of Illinois. (*Klatz v. Pfeffer* (1928), 333 Ill. 90, 164 N.E. 224.) As further evidence of the validity of the claim, the Kemper Insurance Company had offered plaintiff $8,000 before she retained defendant, and it had offered defendant $16,500. Defendant's negligence was established by the fact that he failed to file suit during the year in which he negotiated with the insurance company even after being advised three days before the statute ran that the insurance company would not pay the claim. He then waited an additional eight months before filing suit, and he failed to protect his client by filing a notice of appeal after that suit was dismissed.

■■  Defendant next contends the insurance company was estopped from asserting the statute of limitations because it had negotiated a settlement with him. However, that issue was presented to the trial court

in the underlying case both by defendant and by plaintiff's new counsel without success and it may not be relitigated in this court. Necessarily, while we feel keenly about it, we are constrained from making any comment on the conduct of the Kemper Insurance Company.

■■ Finally, defendant contends, without citing authority, that a defendant in a malpractice case may not be required to testify pursuant to section 60 of the Civil Practice Act. We can find no authority for such a proposition, and deem defendant's contention to be without merit.

For the reasons stated the judgment of the trial court is affirmed.

Affirmed.

DIERINGER, P. J., and JOHNSON, J., concur.