EMILIO G. PACELLI *et al.*, Plaintiffs-Appellants, *v.* WILLIAM KLOPPENBERG *et al.*, Defendants-Appellees.

First District (1st Division)   No. 77-1175

Opinion filed October 23, 1978.

Kevin M. Forde, Ltd., of Chicago (Kevin M. Forde and William D. Serpico, of counsel), for appellants.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Paul L. Pawlowski and Stanley J. Davidson, of counsel), for appellee Nello Gamberdino.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Emilio G. Pacelli and Maria R. Pacelli (plaintiffs) sued Nello Gamberdino (defendant) for legal malpractice arising out of defendant's representation of plaintiffs in a residential real estate purchase. Defendant's motion to dismiss for failure to state a cause of action was granted and plaintiffs appeal, arguing that their complaint did state a cause of action for legal malpractice.

Plaintiffs, with the aid of real estate broker William Kloppenberg and Colonial Real Estate Co. (Colonial), agreed to purchase real estate listed by another broker. The contract for sale provided that plaintiffs were to receive good title. Plaintiffs hired defendant to represent them in the purchase. The parcel plaintiffs purchased was encumbered by a mortgage which was to be paid off and released with the proceeds of the sale. At the closing, an agent of Colonial offered to deposit the amount needed to discharge the mortgage in Colonial's escrow account and apply the funds to the mortgage. The money was deposited with Colonial. Subsequently, William Kloppenberg, Colonial's sole proprietor, converted the funds to his own use and failed to obtain the release of the mortgage. Plaintiffs' realty remains encumbered the mortgage.

On appeal, plaintiffs argue that defendant had a duty to see that plaintiffs received title free and clear of encumbrance. They argue that

defendant breached that duty by not investigating Colonial before allowing them to pay their funds to Colonial, that this was negligence on defendant's part and was the proximate cause of the failure to secure a release of the outstanding mortgage on their property. Defendant contends that he had no duty to prevent plaintiffs from using a licensed real estate broker acting as a fiduciary as escrowee for the release of the prior mortgage, that the escrowee's conversion of plaintiffs' funds was unforeseeable and that requiring defendant personally to obtain the release of the mortgage would place an undue burden on defendant. We agree.

■█ Colonial secured plaintiffs as purchasers. Defendant argues that Colonial was plaintiffs' agent in securing the property (*Moehling v. W. E. O'Neil Construction Co.* (1960), 20 Ill. 2d 255, 267, 170 N.E.2d 100, 107; see *Hyman v. Burmeister* (1919), 216 Ill. App. 98, 100-01) and was obliged to act in utmost good faith. (*Lerk v. McCabe* (1932), 349 Ill. 348, 360-61, 182 N.E. 388, 393.) Even if we agree with plaintiffs that the record is unclear concerning plaintiffs' relationship with Colonial and Kloppenberg prior to closing, it is beyond dispute that Colonial and Kloppenberg became plaintiffs' agents or trustees when they accepted plaintiffs' money in order to obtain the release of the prior mortgage. Colonial and Kloppenberg owed plaintiffs the duties owed by a fiduciary. *Toro Petroleum Corp. v. Newell* (1974), 33 Ill. App. 3d 223, 228, 338 N.E.2d 491, 495.

■█ There is nothing in the record to suggest that defendant had any reason to question the honesty of Kloppenberg. Under those circumstances it cannot be said that defendant was negligent in allowing plaintiffs, without further investigation on his part, to use a licensed real estate broker as a fiduciary to secure release of a prior mortgage. Duty is imposed not on the mere possibility of occurrence, but on what the reasonably prudent man would then have foreseen as likely to happen. (*Cunis v. Brennan* (1974), 56 Ill. 2d 372, 376, 308 N.E.2d 617, 619, citing 2 Harper and James, Law of Torts §16.9, at 929 (1956).) To impose a duty upon defendant to protect plaintiffs in the event of a criminal act by the fiduciary would be the imposition of a duty to prevent acts which were not reasonably foreseeable. There is no duty to protect against the criminal conduct of third parties. (Prosser, Handbook of the Law of Torts §33 (4th ed. 1971), cited in *Boyd v. Racine Currency Exchange, Inc.*, (1973), 56 Ill. 2d 95, 97, 306 N.E.2d 39, 40-41.) The trial court correctly ruled that plaintiffs' complaint did not state a cause of action against defendant.

The order of the circuit court of Cook County is affirmed.

Affirmed.

GOLDBERG, P. J., and BUCKLEY, J., concur.