ADRON PAUL BRAINERD, Plaintiff-Appellant, *v.* RICHARD M. KATES, Defendant-Appellee.

First District (1st Division)  No. 78-674

Opinion filed February 5, 1979.

Adron P. Brainerd, of Libertyville, for appellant, *pro se.*

Richard M. Kates, of Chicago, for appellee, *pro se.*

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Adron Paul Brainerd (plaintiff) brought an action for professional malpractice against Attorney Richard M. Kates (defendant). The trial court granted summary judgment for defendant and dismissed the cause with prejudice. Plaintiff has appealed.

Plaintiff had filed an action in the United States District Court for the Northern District of Illinois against Warren W. Beal and Robert O. Dunn. The district court allowed a motion by Beal and Dunn to dismiss the complaint. Defendant then entered the case as attorney for plaintiff. Defendant filed an amended complaint. On January 30, 1973, the district court allowed a motion to dismiss the amended complaint.

The first count of plaintiff's complaint in the case before us alleges that defendant was retained by plaintiff to proceed with an Appeal to the United States Court of Appeals for the Seventh Circuit. On February 20, 1973, plaintiff forwarded the necessary funds to defendant for the cost of the appeal. The notice of appeal was not filed by defendant until March 2, 1973. Plaintiff alleges this was more than 30 days after rendition of the judgment by the district court. Plaintiff further alleges the United States Court of Appeals held that it had no jurisdiction and dismissed the appeal for the reason that the "notice of appeal was not timely filed * * *" (see *Brainerd v. Beal* (7th Cir. 1974), 498 F.2d 901). It appears from the decision of the court of appeals that a difference of opinion existed as to whether or not the notice of appeal was timely filed. This rested upon the fact that the judgment was rendered by the district court on January 30, 1973, but was actually entered in the docket by the clerk of the district court on February 1, 1973. It appears that a motion judge of the United States Court of Appeals, a member of the panel which decided the matter, had twice denied motions by the appellees Beal and Dunn to dismiss the appeal. But, the entire court of appeals finally ruled otherwise and the appeal was accordingly dismissed. *Brainerd*, 498 F.2d 901, 902 n. 2.

There is a second count to plaintiff's complaint in the case before us claiming damages because the defendant told plaintiff that the clerk of the United States District Court was at fault in not showing the correct date upon which the docket entry had been made. Plaintiff alleges that the

defendant agreed to seek redress against the clerk on his official bond but that defendant had failed and refused so to do.

Appended to the complaint is a copy of a brief apparently used in the court of appeals and a number of other documents such as a copy of an amended complaint in the district court, and a memorandum opinion of the district court dismissing plaintiff's complaint for failure to state a claim upon which relief could be granted.

Defendant filed a motion for summary judgment. The verified motion alleged that under Rule 4(a) of the Federal Rules of Appellate Procedure for United States Courts of Appeal a notice of appeal from a district court, "shall be filed with the clerk of the district court within 30 days of the date of the entry of the judgment or order appealed from * * *." Appended to defendant's motion for summary judgment is an affidavit by the clerk of the United States District Court, Northern District of Illinois, setting forth that, in accordance with docketing procedures in the office of said clerk at the time of docket entry was made, the date January 30, 1973, "represents the date on which the Honorable Hubert L. Will entered the order referred to in the docket." The affidavit states that in accordance with the docketing procedures in effect in the clerk's office at that time, the date February 1, 1973, indicated as the date for mailing of notices, "is the date on which the order was entered by the Office of the Clerk on the docket." The affidavit continues that the notice of appeal was filed within 30 days after the said date February 1, 1973. A copy of the docket of the clerk pertaining to the case is appended to the affidavit.

Regarding count II of plaintiff's complaint herein, the verified motion for summary judgment alleges that defendant never undertook to seek redress against the clerk. Count II of plaintiff's complaint describes the clerk's bond as being required under 28 U.S.C.A. §952. Defendant's motion for summary judgment alleges that this statute was repealed prior to the pertinent time period herein involved. An exhibit to the motion for summary judgment refers to this repeal as set forth in Public Law 92—310, Title II, §206(e)(1), June 6, 1972, 86 Stat. 203. The motion for summary judgment also avers that plaintiff was never barred from proceeding with any action that he desired against the clerk of the district court.

The record also shows that on October 18, 1977, the trial court entered an order granting summary judgment in favor of defendant and against plaintiff and dismissing the cause with prejudice. There is also a draft order entered by the trial court on December 5, 1977, granting plaintiff time to respond to the motion for summary judgment including "presenting any expert testimony." The same order granted plaintiff 15 additional days to oppose the motion for summary judgment including the production of expert testimony.

The record also shows that on December 5, 1977, the date of entry of this order, plaintiff filed a motion for the court to call an expert witness. The motion averred that "The Plaintiff may need such a witness to prove the applicable standard of conduct as required by Illinois law and to prove that defendant's negligence was a cause in fact of the injury claim." The motion also averred that plaintiff had requested assistance from the Chicago Bar Association in obtaining a legal expert witness "but they were unable or unwilling to be of help."

Plaintiff's motion also cites *House v. Maddox* (1977), 46 Ill. App. 3d 68, 360 N.E.2d 580, as support for the proposition that expert testimony was unnecessary to establish negligence because the guilt of defendant for legal malpractice "was so grossly apparent that a layman would have no difficulty in appraising it." Appended to plaintiff's motion is a copy of an application by plaintiff to the Chicago Bar Association for consultation with an attorney under the Lawyer Reference Plan. Plaintiff also filed a motion to strike defendant's affidavit for summary judgment on the ground that it was not made upon the personal knowledge of the affiant and that it sought to review the same matter that was adjudicated by the court of appeals in *Brainerd.*

The record also shows issuance and service of a subpoena by plaintiff upon Gary M. Elden, an attorney, requiring him to appear in court on December 20, 1977. On December 20, 1977, the matter was again continued for further hearing to January 6, 1978. Plaintiff also filed a motion for payment of expenses and attorney's fees pursuant to section 41 of the Civil Practice Act; an affidavit in opposition to the affidavits filed by defendant for summary judgment; material bearing upon the results of a polygraph test taken by plaintiff; copies of interrogatories answered by a witness relating to the general reputation of plaintiff for honesty and integrity; an affidavit regarding the fact that plaintiff was on active military duty in Florida on the 17th and 18th of October 1977; and other miscellaneous material. In addition, on January 13, 1978, plaintiff filed a motion requesting the court to apply the doctrine of *res ipsa loquitur* to the cause.

On January 13, 1978, the trial court entered the order which is the subject of this appeal. Among other recitals, the order states that plaintiff "presented no expert witnesses except for Attorney Gary M. Elden who stated he was not qualified as an expert on malpractice and who would not testify that malpractice was committed * * *." The trial court accordingly ordered that the motion of plaintiff to vacate the order of October 18, 1977, granting summary judgment for defendant and dismissing the case with prejudice and also plaintiff's motions "regarding *res ipsa loquitur* and Rule 57" were denied.

In the briefs before us, plaintiff contends that the failure of the

defendant to perfect the appeal in the Federal litigation gave plaintiff a cause of action. Plaintiff also objects to the allowance of the summary judgment by the trial court for the reason that plaintiff was engaged in active military duty when the judgment was entered. Defendant urges that he did not commit malpractice by simply failing to have the district court settle improper or omitted entries in the clerk's docket and that plaintiff's short period of active duty did not prevent plaintiff from prosecuting or proceeding in this case.

■■■ Under the view which we take of this appeal, it is unnecessary to consider the contention discussed by the parties regarding plaintiff's military service. Plaintiff's rights were not affected in any manner by his absence on military service. On the contrary, this record shows that the trial judge gave plaintiff every possible opportunity to formulate his contentions and to support them with such data as he thought pertinent. In addition, since plaintiff's brief did not argue the propriety of the dismissal of count II of plaintiff's complaint, the point is waived. *Collins v. Westlake Community Hospital* (1974), 57 Ill. 2d 388, 392, 312 N.E.2d 614; Supreme Court Rule 341(e)(7) (58 Ill. 2d 341(e)(7)).

In our opinion, the single remaining issue is the propriety of the entry of summary judgment and the dismissal with prejudice. The issues regarding legal malpractice have been carefully studied and well expressed in *House v. Maddox.* In considering the liability of an attorney for failure to file an action within the statutory limitation period, this court stated (46 Ill. App. 3d 68, 71):

> "The law is well settled that an attorney is liable to his client for damages only when he fails to exercise a reasonable degree of care and skill, and the law distinguishes between errors of negligence and those of mistaken judgment. [Citations.] The question of whether an attorney has exercised a reasonable degree of care and skill in representing and advising his client is one of fact [citations], and in Illinois the standard of care against which professional actions are measured has been based on expert testimony. [Citations.]"

■■ In *House,* this court also pointed out that, "The general rule in Illinois requires testimony of an expert witness with respect to the standard of care owed by the lawyer to his client * * *." However, the court added that an expert opinion is not required in all cases but that (46 Ill. App. 3d 68, 73):

> "Where no issue is raised as to defendant's responsibility for allowing the statute of limitations to run, where the negligence of defendant is apparent and undisputed, and where the record discloses obvious and explicit carelessness in defendant's failure to meet the duty of care owed by him to plaintiff, the court will not

require expert testimony to define further that which is already abundantly clear."

In this regard it is apparently plaintiff's theory that the matter before us shows such obvious and explicit carelessness by defendant that expert testimony should not be required. We cannot agree. It is a complete oversimplification of the matter before us to use deductive reasoning commencing with the decision of the court of appeals in *Brainerd* as the major premise. It would be easy then to conclude that there is negligence shown as a matter of law because of the interpretation put upon the situation by that decision.

■ The fallacy of this thinking is that the liability of any defendant should not be judged on the basis of the situation existing at the present moment. On the contrary, in determining whether this defendant was or was not negligent it is necessary to judge his conduct by the factual situation which existed during the months of February and March of 1973 when the notice of appeal was actually filed; about 1 year prior to the decision in *Brainerd*. We cannot say, without prophetic knowledge, that the conduct of the defendant at that time constituted legal malpractice as a matter of law.

Plaintiff's theory is effectively contradicted by the affidavit of the clerk of the district court appended to defendant's motion for summary judgment. It would seem clear from the affidavit that the final order in the district court case was entered in the docket by the clerk on February 1, 1973, and therefore the notice of appeal was timely filed. Thus, prior to the existence of the decision in *Brainerd*, an attorney exercising a reasonable degree of care and skill might well have concluded that the time for filing the notice of appeal commenced to run from the date of this entry of the judgment order on the docket of the clerk. This point is graphically illustrated by the previous orders of the court of appeals denying the motions to dismiss the appeal in *Brainerd*. In a situation of this type, far from demonstrating negligence as a matter of law, the record shows the need for expert testimony in determining whether or not defendant in the case at bar had exercised a reasonable degree of care and skill with due regard to the distinction between errors of negligence and of mistaken legal judgment. "Duty is imposed not on the mere possibility of occurrence, but on what the reasonably prudent man would then have foreseen as likely to happen." *Pacelli v. Kloppenberg* (1978), 65 Ill. App. 3d 150, 152, 382 N.E.2d 570, and authorities there cited.

■ ■ Plaintiff may have considered that the testimony of an expert witness was an essential element of his case. He himself made a motion for the court to call an expert witness for him; he subpoenaed an expert witness who stated that he would not testify that malpractice was committed and plaintiff attempted to find an expert by contacting the

Chicago Bar Association. It is our considered conclusion that the situation before us was such that expert testimony was essential as a part of plaintiff's case. This court has previously held that summary judgment is appropriate when a plaintiff could not obtain expert testimony necessary to prove negligence. *Hill v. Lutheran Hospital* (1978), 58 Ill. App. 3d 1003, 374 N.E.2d 1147; *Sanders v. Frost* (1969), 112 Ill. App. 2d 234, 251 N.E.2d 105 (both medical malpractice cases).

Nor can consideration of the doctrine of *res ipsa loquitur* assist plaintiff. The Supreme Court of Illinois has quite recently held that the doctrine of *res ipsa loquitur* may be applied in medical malpractice cases. However, the court also added that (*Walker v. Rumer* (1978), 72 Ill. 2d 495, 500, 381 N.E.2d 689):

> "The requirement for the application of the doctrine of *res ipsa loquitur* is not that the surgical procedure be 'commonplace' or that the 'average person' be able to understand what is involved; the determination which must be made as a matter of law is whether 'the occurrence is such as in the ordinary course of things would not have happened' if the party exercising control or management had exercised proper care. That determination may rest either upon the common knowledge of laymen or expert testimony."

In the case before us, in our opinion as above shown, the application of the doctrine of *res ipsa loquitur* does not rest upon the common knowledge of laymen but depends upon the introduction of expert testimony. It was incumbent upon plaintiff to produce expert testimony as directed by the trial court.

It follows necessarily that the judgment order appealed from is affirmed.

Judgment affirmed.

McGLOON and O'CONNOR, JJ., concur.