384 So.2d 1264 (1980)
THE FLORIDA BAR, Complainant,
v.
William J. NEALE, Respondent.
No. 57732.
Supreme Court of Florida.
June 5, 1980.
David G. McGunegle, Branch Staff Counsel and Bar Counsel, Orlando; and John A. Boggs, Asst. Staff Counsel, Tallahassee, for complainant.
Jerrold A. Bross, Titusville, for respondent.
PER CURIAM.
William J. Neale, a member of The Florida Bar, petitions this Court for review of a referee's recommendation in a bar grievance procedure. We have jurisdiction. Art. V, § 15, Fla. Const.
In 1978 the Eighteenth Judicial Circuit Grievance Committee "C" found probable cause in four complaints made against Neale. The referee found for Mr. Neale on three of those but recommended that he be found guilty of violating Disciplinary Rule 6-101(A)(2) and 6-101(A)(3)[1] on the remaining *1265 complaint. He further recommended an eighty-nine-day suspension followed by a two-year conditional probation. At its September 1979 meeting, the bar's board of governors voted to accept the referee's recommendation of dismissing the three cases. The board voted to reject the referee's recommendations concerning the fourth case, however, believing a one-year suspension with required proof of rehabilitation to be more appropriate. Following the board's action, Neale filed his petition for review.
This complaint against Neale arose from his representation of a Mrs. Mitchell for a claim of injuries she suffered as a result of being bitten by a dog in 1970. After attempts to negotiate a settlement failed, Neale filed suit on Mitchell's behalf in 1973. A few days before trial, Neale learned that the dog had a history of biting and that punitive damages might be available. His motion to amend the original complaint in order to allege punitive damages was denied, and Neale, believing that a four-year statute of limitations controlled, took a voluntary nonsuit with his client's concurrence. At that time, however, the statute of limitations on strict liability arising from dog bites was three years,[2] and the defendants successfully raised this defense in the subsequent suit. On appeal, the district court affirmed the trial court's judgment against Mrs. Mitchell.
The referee found that Neale's late discovery of the dog's propensity to bite reflected inadequate preparation under the circumstances because Neale did not properly interrogate his client or make an independent investigation that would have resulted in his learning of the dog's history of biting.
Neale learned a fact that he deemed important late in the game. He then overlooked or misconstrued the statute of limitations on his statutory remedy. This neglect, however, is not of sufficient magnitude to warrant conviction of an ethical violation under Canon 6.
The power to disbar or suspend a member of the legal profession is not an arbitrary one to be exercised lightly, or with either passion or prejudice. Such power should be exercised only in a clear case for weighty reasons and on clear proof. State ex rel. The Florida Bar v. Bass, 106 So.2d 77 (Fla. 1958).
There is a fine line between simple negligence by an attorney and violation of Canon 6 that should lead to discipline. The rights of clients should be zealously guarded by the bar, but care should be taken to avoid the use of disciplinary action under Canon 6 as a substitute for what is essentially a malpractice action.[3]
Neale had prepared to go to trial on his original complaint. Late in the proceeding he discovered a theory upon which he might have obtained a larger recovery for his client but then made the mistake of dismissing the action. His conduct might well be the basis of a negligence action against him, but, in our minds, it is insufficient to warrant a disciplinary action.[4]
We therefore reject the recommendations of both the referee and the bar and dismiss the charges against the respondent.
It is so ordered.
*1266 ENGLAND, C.J., and ADKINS, BOYD, OVERTON, SUNDBERG, ALDERMAN and McDONALD, JJ., concur.
NOTES
[1] A lawyer shall not:

* * * * * *
(2) Handle a legal matter without preparation adequate in the circumstances.
(3) Neglect a legal matter entrusted to him.
[2] The portions of § 95.11, Fla. Stat. (1973), pertinent to this petition read as follows:

95.11 Limitations upon actions other than for the recovery of real property.  Actions other than those for the recovery of real property can only be commenced as follows:
* * * * * *
(4) WITHIN FOUR YEARS.  Any action for relief not specifically provided for in this chapter.
(5) WITHIN THREE YEARS. 
(a) An action upon a liability created by statute, other than a penalty or forfeiture;
* * * * * *
[3] House of Maddox, 46 Ill. App.3d 68, 4 Ill.Dec. 644, 360 N.E.2d 580 (App.Ct. 1977), holds that an attorney's allowing the statute of limitations to run in a dog bite case is malpractice.
[4] We note that Neale has sought to compensate his client for the loss occasioned by his taking the dismissal. We presume he will continue to do so.