PER CURIAM.
We have for review a referee’s recommendation that Curtis A. Littman, a Florida attorney, be disciplined for an ethical violation. We have jurisdiction. Art. V, § 15, Fla. Const.
In 1990, Littman undertook the representation of William C. Armes in a child-custody dispute with his former wife. Armes’ daughter had left her mother, who had lawful custody of the girl. At this time, Littman failed to advise Armes that he still would be required to pay child support pursuant to the prior court order even though his daughter was residing with him.[1] Subsequently, the mother demanded that the daughter be returned.
In response, Littman filed a “motion” to change residential custody, and he failed to include the Uniform Child Custody Jurisdiction Act affidavit required by Florida law. The mother moved to dismiss the motion for failure to comply with the statute, and the motion ultimately was granted without prejudice. During this process, Armes dismissed Littman and retained the services of another attorney. Armes later was required to pay arrearages in child support due his wife under the prior court order.
The referee found Littman guilty of violating Rule of Professional Conduct 4-1.1 by providing incompetent representation. After weighing a prior disciplinary action for minor misconduct,[2] the referee recommended that Littman be publicly reprimanded and pay costs.
We previously have stated that there is a fine line between attorney malpractice and unethical conduct. The Florida Bar v. Neale, 384 So.2d 1264, 1265 (Fla.1980). In Neale, for example, we refused to allow discipline even though an attorney’s incorrect interpretation of a statute of limitation resulted in a woman’s lawsuit being barred.[3] She was seeking damages for a dog bite. Id.
*583 The worst that resulted in the present ease is that Littman embarrassed himself and his client by his negligent failure to appreciate applicable law. We do not perceive any real damages the client suffered other than the embarrassment Littman caused. Armes already was obligated to pay the child support in question, and he has not paid Littman’s bill.[4] The record even indicates that Armes obtained temporary custody of his daughter, which is the objective for which Littman was hired.
Normally, the worst discipline for a case of this type would be private admonishment. Florida Standards for Imposing Lawyer Sanctions 4.44 (West 1992) (admonishment appropriate for negligent advice resulting in little or no injury). However, in light of Littman’s prior disciplinary record, we believe the present discipline should be aggravated one step to a public reprimand, which will be accomplished by publication of this opinion. In their totality, Littman’s prior and present disciplinary violations suggest a tendency toward insufficient diligence, which must be corrected. Costs in the amount of $1,796.23 are hereby assessed against Littman, for which sum let execution issue. '
It is so ordered.
BARKETT, C.J., and OVERTON, McDonald, shaw, grimes, kogan and HARDING, JJ., concur.

. Littman challenges this finding. However, there is competent substantial evidence supporting it, and we thus accept it.

. In another matter, Littman failed to send copies of certain documents to opposing counsel before sending them to the trial judge and misrepresented some factual matters. He was disciplined through the grievance process in a Report of Minor Misconduct.

.Based on its facts, The Florida Bar v. Neale, 384 So.2d 1264 (Fla.1980), reaches a result that is questionable in light of present public policy and the black letter rules adopted in 1987, which suggest that Neale should have been pub *583 licly reprimanded. Florida Standards for Imposing Lawyer Sanctions 4.43 (West 1992).

. The Bar notes that Armes incurred "additional unnecessary attorney’s fees in the approximate amount of $501.00.” However, it is clear Armes would have incurred legal fees one way or another in pursuing his child-custody claim. Thus, the fees Armes actually paid do not seem attributable to Littman’s actions. This might not be true had Armes actually paid Littman’s fee in addition to the fee of the subsequent attorney, had Littman pressed or harassed Armes for the fee, or if there was some evidence that Littman’s conduct required an extraordinary expenditure by Armes over and above the usual and customary range. Nothing in the record shows these factors to be present. Obviously, Littman would expose himself to possible discipline if he pressed Armes for the unpaid fee in the future.