390 So.2d 1190 (1980)
THE FLORIDA BAR, Complainant,
v.
James NEMEC, Respondent.
No. 58451.
Supreme Court of Florida.
November 26, 1980.
James P. Hollaway, Deputy Staff Counsel, Tallahassee, Theodore Babbitt, Chairman of Grievance Committee 15 "C", West Palm Beach, and Harris K. Solomon, Branch Staff Counsel, Fort Lauderdale, for complainant.
James E. Weber of Weber & Fulton, West Palm Beach, for respondent.
PER CURIAM.
This disciplinary proceeding by The Florida Bar against James Nemec a member of The Florida Bar, is presently before us on complaint of The Florida Bar and Report of Referee. Pursuant to Rule 11.06(9)(b) of the Integration Rule of The Florida Bar, the referee's report and record were duly filed with this court. No petition for review pursuant to Rule 11.09(1), Integration Rule, has been filed.
Having considered the pleadings and evidence, the referee filed the following report:
"The four-count complaint filed against the Respondent, James Nemec, arose from his representation of Myrtice Akins and Lavellon W. Akins in their claim for injuries sustained as a result of Mrs. Akins falling in a Winn-Dixie store on or about August 7, 1973.
Through his pleadings, the Respondent admitted the following facts contained in the complaint filed by the Florida Bar pursuant to Article XI of the Integration Rule:
1. The Respondent is, and at all times pertinent to these proceedings was, a member of the Florida Bar.
2. The Respondent represented Mr. and Mrs. Akins in their claim for injuries sustained as a result of an accident in a Winn-Dixie store where Mrs. Akins fell on August 7, 1973.
3. Mrs. Akins first consulted the Respondent concerning this incident on September 17, 1976, at which time eleven months remained before the applicable statute of limitations would bar any action by her.
4. The Respondent timely filed a complaint in the Circuit Court In and For Palm Beach County, Florida, on November 17, 1976.
5. On April 4, 1978, Winn-Dixie, through their attorney, Donald Beuttenmuller, made a written offer of $10,000.00 to settle the Akins' claim.
6. On July 21, 1978, the Defendant in the civil action filed a motion to dismiss the Akins' claim against Winn-Dixie for failure to prosecute said claim. On July 26, 1978, the Respondent filed a notice of voluntary dismissal and on July 31, 1978, he filed an amended notice of voluntary dismissal stating that the dismissal was taken without prejudice.

*1191 7. On July 26, 1978, the Respondent filed basically the same complaint again and it was assigned a different case number. On January 10, 1979, the Circuit Court entered a dismissal with prejudice on the grounds that the statute of limitations had expired on August 7, 1977.
All other allegations of the complaint were denied.
At the commencement of the proceedings the parties entered into the following stipulations:
1. That all persons who treated Mrs. Akins while she was being represented by the Respondent were made an offer by the Respondent to pay one-half of their bill that they had submitted either to Mrs. Akins or Mr. Nemec directly. That all of those persons were eventually paid the full amount of their bill.
2. That all documents admitted in the grievance committee proceedings as exhibits would be admissible in this proceeding.
During the course of the proceeding, conflicting testimony was presented to the undersigned. Where possible, the conflicts were resolved without imputing untruthfulness to any witness. If the conflicts could not be resolved, the Court accepted certain testimony and disregarded other testimony. After doing so, in addition to the admissions made through the pleadings, and the stipulations of the parties, the Referee finds the following facts to exist:
1. The Respondent, James Nemec, overlooked or misconstrued the statute of limitations and as a result Mr. and Mrs. Akins were barred from any relief against Winn-Dixie.
2. Prior to the original case being dismissed, Mr. Nemec conveyed an offer of settlement in the amount of $10,000.00 to Mr. and Mrs. Akins.
3. The Respondent filed the voluntary dismissal which resulted in his clients losing their cause of action against Winn-Dixie without their permission.
4. After realizing his error, Mr. Nemec informed his clients of the error, and although they may not have understood, he attempted to explain to them that he was paying them the amount offered by Winn-Dixie from his own funds.
5. They agreed to the settlement with the understanding that all medical providers would be paid in full.
6. The Respondent made no effort to advise his clients that they should seek the advice of another attorney before releasing him from any liability for malpractice. After the settlement was made with his clients, the Respondent, without the full knowledge and understanding of his clients, attempted to settle the bills of the medical providers for less than the amount of their bills.
7. The value of Mr. and Mrs. Akins claim was no more than the amount eventually paid to her, and qualified attorneys practicing personal injury law would have advised her, if they had been contacted, to settle with Mr. Nemec for the amount which she received.
8. Mr. and Mrs. Akins were not injured by the actions of the Respondent and did not initiate the grievance proceedings against him.
Based upon the admissions of the Respondent through his pleadings, the stipulations entered into by the parties, the above findings of fact, and the entire record, the undersigned recommends that the Respondent be found not guilty under Counts I and II of the complaint, and quilty under Counts III and IV of the complaint.
The Respondent was charged in Count I of the complaint with violating Disciplinary Rule 6-101(A)(3), and Disciplinary Rule 7-101(A)(3). At the conclusion of the complainant's case, the undersigned directed a verdict as to Rule 7-101(A)(3).
Even though the Respondent overlooked or misconstrued the statute of limitations and thereby was negligent, and possibly subjected himself to a malpractice actions, the facts of this case do not appear of sufficient magnitude to warrant conviction of an ethical violation under Canon 6. THE FLORIDA BAR v. NEALE, 384 So.2d 1264 (Fla. 1980).

*1192 The Respondent was charged under Count II of the complaint with violating Disciplinary Rule 1-102(A)(4) and the Florida Bar Intergation Rule, Article XI, Rule 11.02(3)(a). This Rule prohibits an attorney from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation. Even though there was evidence to indicate that Mrs. Akins did not fully understand what was told to her and explained to her by Mr. Nemec, there was evidence indicating that he attempted to do so and did not intentionally deceive or misrepresent any facts to Mrs. Akins. The Referee did not have the benefit of the testimony of Mr. Akins.
Under Count III of the complaint the undersigned directed a verdict at the close of the Complaint's case in chief except as the count related to a violation of Disciplinary Rules 1-102(A)(6) and 6-102(A).
Based upon the foregoing findings of fact, the Referee finds that the Respondent did attempt to exonerate himself from, or limit his liability to his client for his personal malpractice. Even though the Respondent advised his clients of his error, he made no effort to advise them that they should seek the advice of another attorney before releasing him from any liability for malpractice, nor did he explain their possible malpractice claim to them. Instead, he prepared a release which had to be signed before his check to them was negotiable.
Under Count IV of the complaint, the Respondent, by his actions violated Disciplinary Rule 1-102(A)(6) by leading his clients to believe that all bills of the medical providers would be paid in full, and then attempting to settle those bills with the providers for less than that amount. Once the settlement was agreed upon, the Respondent had the obligation to render appropriate accounts to his client regarding those funds, which in effect he was then holding on behalf of his clients. By attempting to settle his client's obligation to the medical providers for an amount less than shown on the settlement statement, he violated Disciplinary Rule 9-102(B)(3).
Based upon the above, the undersigned, as mentioned above, feels the Respondent should be found guilty of misconduct justifying disciplinary measures under Count III and Count IV of the complaint and based upon the evidence presented to the Court concerning the Respondent would recommend a public reprimand and the payment of costs.
The Referee has not been made aware of any past disciplinary measures though evidence admitted during the course of the proceedings."
Having carefully reviewed the record, we approve the findings and recommendations of the referee.
Accordingly, respondent, James Nemec, is hereby publicly reprimanded, and the publication of this order and judgment shall constitute a public reprimand.
Execution is hereby directed to issue against respondent for costs in the amount of $2,028.48.
It is so ordered.
OVERTON, ENGLAND, ALDERMAN and McDONALD, JJ., concur.
BOYD, Acting Chief Justice, dissenting:
I would affirm finding, but would administer private reprimand.