OFFICE OF DISCIPLINARY COUNSEL *v.* CLAVNER.

[Cite as *Disciplinary Counsel v. Clavner* (1997), 77 Ohio St.3d 431.]

(No. 96–1995—Submitted October 16, 1996—Decided February 19, 1997.)

432

*Geoffrey Stern,* Disciplinary Counsel, and *Alvin E. Mathews,* Assistant Disciplinary Counsel, for relator.

*Mary L. Cibella,* for respondent.

*Per Curiam.* DR 6–102(A) provides that "[a] lawyer shall not attempt to exonerate himself from or limit his liability to his client for his personal malpractice." We do not read this rule so as to prohibit an attorney from ever raising a defense against or attempting to settle a malpractice action. However, this rule places an attorney on notice that when a client has a potential cause of action for malpractice, the attorney and the client are adversaries. Because the attorney-client relationship places the attorney in a position of dominance, courts and professional ethics committees have said that a potential malpractice claim may be settled only if the client consents after full disclosure, the settlement is not unconscionable, inequitable, or unfair, and, most important, the client is advised to seek independent counsel before signing the agreement. *Florida Bar v. Nemec* (Fla.1980), 390 So.2d 1190; *Commt. on Legal Ethics of the West Virginia State Bar v. Cometti* (W.Va.1993), 189 W.Va. 262, 430 S.E.2d 320 (interpreting Rule 1.8[h] of the ABA Model Rules of Professional Conduct); Opinion of Standing Committee on Legal Ethics of the Virginia State Bar No. 1550 (Oct. 20, 1993), ABA/BNA Lawyers' Manual on Professional Conduct, Ethics Opinions 1991-1995, at 1001:8723; Professional Ethics Commission of the Board of Overseers of the State Bar of Maine, Opinion No. 68 (Mar. 14, 1986), 1 Maine Bar Journal, No. 3 (May 1986) 154.

Whatever may have been the intentions of respondent, however little, if any, damage resulted to her clients, and regardless of whether her clients had a cause of action for malpractice, respondent should have been aware that when she began negotiations with her clients for a release of any potential claims against her, she was in an adversarial relationship with them. She should have informed her clients of this adversarial relationship and their right to independent counsel before they signed the release. No good intentions on the part of respondent to spare the clients harm and no careful explanation of the terms of the release can excuse the violation of DR 6–102(A).

We adopt the board's findings and recommendation and hereby reprimand the respondent publicly. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.