UNITED STATES of America,
Plaintiff-Appellee,

v.

James A. RUMELL and Raymond Stan-
ley Darzinikas, Defendants-Appellants.

Nos. 80–1155 & 80–1161.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 5, 1981.

Decided March 3, 1981.

Nile Stanton, Indianapolis, Ind., for de-
fendants-appellants.

Kennard P. Foster, Asst. U. S. Atty., Indianapolis, Ind., for plaintiff-appellee.

Before BAUER and WOOD, Circuit Judges, and BONSAL, Senior District Judge.*

WOOD, Circuit Judge.

This appeal arises from the conviction of James Rumell and Raymond Darzinikas for interstate transportation of stolen vehicles, 18 U.S.C. §§ 2312 and 2, and receiving and concealing stolen motor vehicles, 18 U.S.C. §§ 2313 and 2.

As part of its investigation of a "stolen truck ring" operating in Indiana and Illinois, the FBI discovered two stolen International Harvester tractor-truck cabs on the premises of Truck Rail Truck Service, Inc. (TRTS) in Indianapolis, Indiana. The trucks had been purchased by James Rumell, owner and operator of TRTS, through Darzinikas and the members of the truck ring. Rumell and Darzinikas were indicted on charges of having caused the transportation of the two stolen trucks from Illinois to Indiana (Counts I and II) as well as knowing receipt of the stolen trucks (Counts III and IV).

A jury verdict found Rumell guilty on all counts and Darzinikas guilty on Counts I and III. Judgment was entered on February 5, 1980. On February 6, 1980, Rumell filed a notice of appeal from the judgment.[1] On February 11, 1980, Rumell filed a motion in the district court under 28 U.S.C. § 2255 to vacate and set aside his conviction on grounds of ineffective assistance of counsel. The district court denied the motion on April 2, 1980. Rumell never filed a notice of appeal from the denial.

## I.

On appeal, Rumell and Darzinikas allege error in numerous rulings of the trial court. Initially, Rumell seeks to have this court review the order denying his motion under § 2255. Although both sides briefed the issue of whether the district court properly denied the motion, they failed to note that jurisdiction to review the order is predicated on proper notice of appeal.[2] Under Rule 4(a) of the Federal Rules of Appellate Procedure,[3] where the United States is a party, an appeal may be taken within 60 days of the entry of the order; the district court may extend this period another 30 days upon a showing of excusable neglect. In this instance, no separate notice was ever filed, only the notice of appeal of the judgment of conviction.

The timeliness requirement is "mandatory and jurisdictional." *Browder v. Director, Illinois Department of Corrections,* 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978). Moreover, because Rule 4 is mechanical, it must apply mechanically to avoid uncertainty as to its requirements. *Brainerd v. Beal,* 498 F.2d 901, 903 (7th Cir.), *cert. denied,* 419 U.S. 1069, 95 S.Ct. 655, 42 L.Ed.2d 664 (1974).

Rumell argues that the filing of a timely notice of appeal on the judgment is sufficient notice of the appeal of the denial of the § 2255 motion since the motion to vacate is a further part of the criminal case and not a separate civil action. He urges that the record transmittal letter to the court of appeals in connection with the notice of appeal of the conviction which indicated that the § 2255 motion would be filed and that it was to be included as part of the record for appeal is sufficient to put the government on notice that it would be part of the appeal. We find no authority for this proposition. First, Rumell's proposed

---

\* Honorable Dudley B. Bonsal, Senior District Judge of the Southern District of New York, is sitting by designation.

1. Darzinikas' notice of appeal was filed on February 7, 1980.

2. The question of jurisdiction was raised by the court and subsequently briefed by the parties.

3. Rule 11 of the Rules Governing Proceedings Under § 2255 provides that the time for appeal for an order entered on a § 2255 motion is governed by Rule 4(a) of the Federal Rules of Appellate Procedure.

exception to the timeliness rules would create the very uncertainty about which *Brainerd* warned. In addition, if a notice of appeal from a judgment of conviction is to serve as a blanket notice covering not only the conviction but also any post-trial rulings, then neither appellees nor appellate courts could be certain which, if any, of a district court's post-trial rulings are to be attacked on appeal. This result would contravene the requirement of Rule 3(a) of the Federal Rules of Appellate Procedure that the notice of appeal state the judgment or order, or part thereof, appealed from.

The cases cited by Rumell as exceptions each involve a situation where, although technically defective, an actual filing of notice as to the judgment appealed from was timely made. By contrast, Rumell's notice of appeal was not simply technically defective. At the time the notice was filed, the underlying motion had not even been made and obviously had not yet been ruled on by the district court.

■ Even if we were to accept that the appeal from the motion was part of the original notice of appeal, the notice on that issue would still be defective in that jurisdiction must exist at the time of notice and "cannot be acquired on the basis of later events." 9 Moore's Federal Practice ¶ 204.-14 (2d ed. 1980). This court has no jurisdiction to review the district court's order denying Rumell's motion to vacate. The appeal on this issue is dismissed.[4]

## II.

■ Rumell next alleges error in the district court's refusal to admit into evidence the results of his polygraph examination. Appellant admits that the rule in the Seventh Circuit is clear: the exclusion of such evidence is within the sound discretion of the trial judge. Only abuse of discretion would render the exclusion erroneous. *United States v. Infelice*, 506 F.2d 1358 (7th Cir.), *cert. denied*, 419 U.S. 1107, 95 S.Ct. 778, 42 L.Ed.2d 802 (1974); *United States v. Penick*, 496 F.2d 1105 (7th Cir. 1974); *Unit-*

ed States v. Chastain*, 435 F.2d 668 (7th Cir. 1970). Nevertheless, appellant invites us to abandon this rule and to require a balancing test "weighing the potential prejudice to the jury if let in and the potential prejudice to Rumell if it is kept out."

Appellant apparently urges this test as a way of increasing the acceptance of polygraph examination results as competent evidence. However, a balancing process has always been a part of the decision-making process of the trial court judge in exercising his discretion. If the result of the current rule has been a reluctance to admit the polygraph results, it is because the doubts as to its probative value outweigh any positive aspects. The court in *United States v. Bursten* identified the factors which have influenced federal courts in rejecting polygraph evidence:

> Among these are the distrust of the accuracy of results based upon a nexus between autonomic discharge and veracity, this skepticism being fueled by disagreement among experts in the field. Also, judges loathe the spector [sic] of trial by machine, wherein each man's sworn testimony may be put to the electronic test. Finally, there exists the apprehension that jurors will abdicate their responsibility for determining credibility, and rely instead upon the assessment of a machine.

560 F.2d 779, 785 (7th Cir. 1977). Therefore, adhering to the rule of our past decisions, we find no error in the refusal to admit Rumell's polygraph results.

## III.

■ Rumell and Darzinikas both allege error in the denial of their joint motion for acquittal tendered at the close of the government's case in chief. In order for the government to meet its burden of proof under 18 U.S.C. § 2312, it must prove that (1) the vehicles were stolen, (2) they were transported in interstate commerce, (3) the appellants knew the vehicles were stolen

---

**4.** There having been no judgment on the merits of the § 2255 motion, it may be again made to the district court. *See United States v. Tindle*, 522 F.2d 689 (D.C.Cir.1975).

and (4) the transportation was intentional. *United States v. Meek*, 388 F.2d 936 (7th Cir.), *cert. denied*, 391 U.S. 951, 88 S.Ct. 1855, 20 L.Ed.2d 866 (1968). Rumell contends that the government failed to prove that the truck described in Count II had been in interstate commerce [5] and that the appellants knew that the trucks were stolen. Darzinikas alleges improper venue.

■ A motion for judgment for acquittal must be denied where substantial evidence, taken in the light most favorable to the government, tends to show that the defendant is guilty beyond a reasonable doubt. *United States v. Fearn*, 589 F.2d 1316 (7th Cir. 1978). The United States is entitled to the benefit of all reasonable inferences. *United States v. Barclay*, 560 F.2d 812 (7th Cir. 1977).

■ Rumell contends that the direct evidence pertaining to the truck described in Count II places it only in Indiana. However, there was ample evidence from which the jury may have inferred that the truck was transported to Illinois. Testimony of the members of the stolen truck ring indicated that some trucks were sent to Paxton, Illinois, for repainting and changing vehicle identification numbers. The electric starter was replaced with an air starter subsequent to the theft and prior to delivery to Rumell. From testimony it may be inferred that this modification was made at the Paxton, Illinois garage. Even if the truck was not sent to Paxton for these changes, the storage facility used by the ring was located in Lansing, Illinois. Since the truck was stolen in October but not delivered until December, a reasonable inference is that it was in storage in Illinois for this period.

Substantial evidence was presented from which the jury made reasonable inferences to support a conclusion that the truck was modified and stored in Illinois, delivered in Indiana and therefore was in interstate commerce. The district court properly overruled the motion for acquittal on this issue.

Likewise, there was sufficient evidence to prove that Rumell knew that the two trucks were stolen. Direct testimony of Esthel Petro, a member of the stolen truck ring, shows that Rumell was told that the trucks were "absolutely hot." Although Petro also testified that he could not be positive that Rumell heard this, the procedure followed in procuring the trucks also gives rise to a reasonable belief of knowledge. Rumell made the purchase in cash, specifically asked for clean title, received no receipt for the cash payment, gave a false bill of sale to the investigating agent and paid a significantly lower price for the trucks than their known value. The evidence was sufficient to support a conclusion that Rumell knew the trucks were stolen.

Darzinikas' contention is that the government could not place him in the Southern District of Indiana in the course of the dealings with Rumell and the truck ring. There is no merit to the argument of improper venue. Many of Darzinikas' acts in connection with the stolen truck took place at Rumell's place of business in Indianapolis. The district court took judicial notice of the fact that this is located within the Southern District of Indiana. In addition, testimony places Darzinikas in Indianapolis for purposes of receipt of payment from Rumell, as well as for discussions involving title and the possible purchase of more trucks.

## IV.

Rumell also challenges the sufficiency of the evidence to sustain the jury's verdict of guilty beyond a reasonable doubt. As in Section III, *supra*, Rumell alleges deficiencies in the proof of interstate commerce and knowledge that the trucks were stolen.

■ On appeal, the verdict of the jury must be sustained "if there is substantial evidence, taking the view most favorable to the government, to support it." *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457,

---

**5.** Because Count IV charges the defendants with the reception and concealment of the same truck described in Count II, the conviction on Count IV would have to be vacated if it were found that the evidence of interstate transportation was insufficient.

469, 86 L.Ed. 680 (1942); *United States v. Santiago*, 582 F.2d 1128, 1130 (7th Cir. 1978).

In addition to the evidence cited in the previous section, the government introduced significant testimony tending to implicate Rumell. Petro testified that Rumell wanted eleven trucks in total even though Petro told him that they were stolen. Rumell cited the high cost of leasing trucks from International Harvester as his reason. In addition, Rumell lied to the FBI investigator about the seller's identity, the cost of the trucks, and the mileage figures. In total, the evidence is sufficient to support the verdict of the jury.

### V.

Darzinikas' appeal also alleges that the admission at trial of an "advice of rights" form furnished to him by the FBI investigator was erroneous. After the agent gave Darzinikas the *Miranda* warnings, he asked Darzinikas to sign the form. Darzinikas refused to sign but, according to testimony of the agent, he stated that he understood his rights and proceeded to talk to the agent.

Darzinikas argues that the introduction of the unsigned form is analogous to commenting on a criminal defendant's exercise of his Fifth Amendment rights. However, the defendant in this action, Darzinikas, did not refuse to talk to the agent and did not refuse to testify at trial. Further, the form was not presented as evidence of Darzinikas' refusal to sign. Rather, it was admitted as probative of whether Darzinikas had been advised of his constitutional rights. As such, it may be considered relevant, if collateral, to the issue at hand. Although the value of the evidence may not be great, it is within the discretion of the trial judge to admit or exclude collateral evidence. *United States v. Stone*, 471 F.2d 170, 172 (7th Cir. 1972), *cert. denied,* 411 U.S. 931, 93 S.Ct. 1898, 36 L.Ed.2d 391 (1973). The trial court did not abuse its discretion in allowing the form into evidence. The refusal to sign the form was accompanied by an acknowledgment of its content and a willingness to talk. This leaves little inference of wrongful conduct. No cautionary instruction was necessary.

For the reasons stated, the judgment of the district court is AFFIRMED.