Jack N. Price, Austin, Tex., for plaintiffs-appellants.

Thomas M. Booker, Austin, Tex., Peper, Martin, Jensen, Maichel & Hetlage, Richard P. Sher, St. Louis, Mo., for defendants-appellees.

**Vicki BEAM and Ken B. Beam,
Plaintiffs-Appellants,**

v.

**Vance YOUENS and A. G. Edwards &
Sons, Inc., Defendants-Appellees.**

No. 81–1303
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 4, 1982.

Rehearing Denied Feb. 2, 1982.

Before GEE, GARZA and TATE, Circuit Judges.

GARZA, Circuit Judge:

The only issue presently before this court is whether or not jurisdiction is lacking as a result of appellants' failure to timely file a notice of appeal. We answer that question in the affirmative.

This action was originally filed in state court by appellants, Vicki and Ken Beam, for damages resulting from alleged misrepresentations made by appellees during negotiations for the purchase of stock.[1] That case was subsequently removed by the defendants to federal court. On June 15, 1981, the trial court heard oral argument on appellees' motion for judgment in accordance with settlement and indicated that it would grant the motion. The court's order granting the motion was entered on June 19th, and was reduced to judgment on June 22nd.

On June 30th, appellants, pursuant to Fed.R.Civ.P. 59, filed a motion for new trial. On the very next day, while the motion for new trial was still being considered, appellants also filed a notice of appeal. The motion for new trial was later denied

---

1. It was claimed that such misrepresentations violated both the Texas Deceptive Trade Practices-Consumer Protection Act (Tex.Bus. & Com., § 17.41 et seq.) and the Truth In Lending Act (15 U.S.C. § 1601 et seq. (1976)).

by the district court on July 22nd. No notice of appeal was subsequently filed.

We are unable to reach the merits of this case in light of Fed.R.App.P. 4(a)(4), as amended in 1979, which reads in pertinent part as follows:

> (4) If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party: ... (iv) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. *A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above.* No additional fees shall be required for such filing.

(emphasis added). As already indicated, no new notice had been filed.

Appellants' argument against the clear language of the Rule is that prior to the 1979 amendment, the weight of authority was to the effect that the premature filing of a notice of appeal would not cause dismissal where no prejudice resulted to appellee.[2] But whatever the past trend may have been, it is clear, as evidenced by the Advisory Committee notes, that the 1979 amendment was meant to change that:

> The proposed amendment would make it clear that after the filing of the specified post trial motions, a notice of appeal

should await disposition of the motion. Since the proposed amendments to Rules 3, 10, and 12 contemplate that immediately upon the filing of the notice of appeal the fees will be paid and the case docketed in the court of appeals, and the steps toward its disposition set in motion, it would be undesirable to proceed with the appeal while the district court has before it a motion the granting of which would vacate or alter the judgment appealed from. See, e. g., *Keith v. Newcourt*, 530 F.2d 826 (8th Cir. 1976). Under the present rule, since docketing may not take place until the record is transmitted, premature filing is much less likely to involve waste effort. See, e. g. *Stokes v. Peyton's Inc.*, 508 F.2d 1287 (5th Cir. 1975). Further, since a notice of appeal filed before the disposition of a post trial motion, even if it were treated as valid for purposes of jurisdiction, would not embrace objections to the denial of the motion, it is obviously preferable to postpone the notice of appeal until after the motion is disposed of.

> The present rule, since it provides for the "termination" of the "running" of the appeal time, is ambiguous in its application to a notice of appeal filed prior to a post trial motion filed within the 10 day limit. The amendment would make it clear in such circumstances the appellant should not proceed with the appeal during pendency of the motion but should

---

2. *See, e. g., Williams v. Town of Okoboji*, 599 F.2d 238 (8th Cir. 1979); *Jackson v. Tennessee Valley Authority*, 595 F.2d 1120 (6th Cir. 1979); and *Yaretsky v. Blum*, 592 F.2d 65 (2nd Cir. 1979), *cert. denied*, 450 U.S. 925, 101 S.Ct. 1379, 67 L.Ed.2d 355 (1981). The reasoning underlying these cases is that although the filing of notice of appeal within the prescribed time limits is a jurisdictional prerequisite to appeal itself, a court should treat a premature appeal as from final judgment so as to avoid a denial of justice, expense, and inconvenience in the absence of prejudice to appellee. There is, however, the other side of the coin. In *Century Laminating, Ltd. v. Montgomery*, 595 F.2d 563, 568 (10th Cir. 1979), *cert. granted*, 444 U.S. 897, 100 S.Ct. 204, 62 L.Ed.2d 132 (1979), *cert. dismissed*, 444 U.S. 987, 100 S.Ct. 516, 62 L.Ed.2d 417 (1979), for example, it was stated that

> Litigants—appellees as well as appellants—have a right to rely upon conformity by their adversaries with applicable statutes and rules, especially when compliance with the rule is a jurisdictional prerequisite to the appeal itself. Expense, inconvenience, and what a litigant may believe to be injustice, are unavoidable consequences of failure to abide by a statute or rule, e. g., a statute of limitation. There is some virtue in finality—in an end to litigation. When a notice of appeal is prematurely filed the case is not in limbo. The trial court retains jurisdiction and a timely appeal may be taken from the final judgment when entered.

file a new notice of appeal after the motion is disposed of.[3]

Moreover, while some post-amendment decisions have managed to reach the merits,[4] this circuit has already taken the position that the clear and unambiguous language of the Rule precludes appellate review under the circumstances of this case. *Williams v. Bolger*, 633 F.2d 410 (5th Cir. 1980). *Accord, Offshore Logistics Services, Inc. v. Arkwright-Boston Manufacturers Mutual Insurance Co.*, 639 F.2d 1142, 1143–44 n. 2 (5th Cir. 1981).

APPEAL DISMISSED.

---

**3.** Notes of the Advisory Committee on Appellate Rules, 28 U.S.C.A. Rule 4 (1980).

**4.** *See Tose v. First Pennsylvania Bank, N.A.*, 648 F.2d 879, 882 n. 2 (3rd Cir. 1981); and *Calhoun v. United States*, 647 F.2d 6, 10–11 (9th Cir. 1981).