Don Lewis STEELE, Plaintiff-Appellee,

v.

WOLFE SALES COMPANY, INC., Defendant-Appellant.

Court of Appeals of Tennessee, Western Section, at Jackson.

Nov. 2, 1983.

Application for Permission to Appeal Denied by Supreme Court Jan. 30, 1984.

John Van den Bosch, Jr. and Joe Henry Byrd, Jr., Jackson, for defendant-appellant.

James A. Hopper of Hopper & Plunk, Savannah, for plaintiff-appellee.

TOMLIN, Judge.

This case originated in the Chancery Court of Hardin County. The plaintiff brought a suit for the recovery of sales commissions allegedly due and owing him by the defendant, his former employer.

The defendant filed a counterclaim, alleging that the plaintiff, while an employee, appropriated confidential and secret information which he utilized for his own gain. The case was tried with a jury, resulting in a verdict for the plaintiff in the amount of $10,320. The defendant's counterclaim was dismissed.

The defendant's appeal contests the entry of judgment against it in favor of the plaintiff. However, we do not reach this issue, for we must dismiss this appeal on the grounds that notice of appeal was not timely filed under Rule 4, Tennessee Rules of Appellate Procedure.

The record shows that this case was tried on the 25th and 26th of October, 1982, but that a final decree was not entered until December 13, 1982. On November 26, 1982, the defendant filed a motion for decree notwithstanding the verdict, or in the alternative, a motion for a new trial. This motion was heard by the chancellor on February 11, 1983. The order overruling the defendant's motions for a new trial and for decree notwithstanding the verdict reflected that the hearing was held on February 11, 1983, and that the motions were overruled by that hearing. However, the defendant had filed a notice of appeal on February 23, 1983, which was after the date of the hearing, but before the date of entry of the order denying the motions. No notice of appeal was filed subsequent to the entry of the order of March 7, 1983.

In our opinion, this case is controlled by Rule 4(b), T.R.A.P., which reads as follows:

*(b) Termination by Specified Timely Motions in Civil Actions.* In a civil action if a timely motion under the Tennessee Rules of Civil Procedure is filed in the trial court by any party: (1) under rule 50.02 for judgment in accordance with a motion for a directed verdict; (2) under rule 52.02 to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (3) under rule 59.03 to alter or amend the judgment; or (4) under rule 59.01 for a new trial, the

time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the filing or disposition of any of the above motions shall have no effect. The party making the motion after notice of appeal is filed shall move in the trial court for an order dismissing the appeal. A copy of the order of dismissal by the trial court shall be filed by the moving party with the clerk of the appellate court. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above.

It is clear from the record that the defendant's notice of appeal was filed before the entry of the order dismissing or overruling his post-judgment motions. The question before this Court is, what constituted the "disposition" of these motions by the chancellor—his oral overruling of the motions at the hearing on February 11, 1983, or the entry of the order overruling the motions which took place on March 7, 1983. We are constrained to hold that the disposition of the motions took place upon the entry of the order on March 7, 1983.

Our research has turned up but three cases in this state, all of which are unreported, dealing with the premature filing of a notice of appeal relative to a post-judgment motion, thus bringing into play Rule 4(b), T.R.A.P. The first of these cases is from the Eastern Section, styled *James L. Gentry, et al v. Cupp,* filed December 16, 1981. In *Gentry,* the notice of appeal was filed with the clerk of the trial court on the same day that a motion for a new trial was filed. No other notice of appeal was filed with the clerk of the trial court after the entry of the order overruling the motion for a new trial. The appeal was dismissed for failure to file a notice of appeal in accordance with the provisions of Rule 4, T.R.A.P.

The other two cases are more in point, but are not on all fours with the case under consideration. In *Donigan v. Donigan,* a Middle Section case heard by this Section,

filed on August 25, 1983, and authored by Presiding Judge Nearn, the procedural facts were as follows: A final decree of divorce was filed January 26, 1983. On February 1, 1983, the defendant filed a motion to reconsider the decree, or in the alternative, for a new trial. On February 14, 1983, the defendant filed a notice of appeal. On February 18, 1983, an order overruling the defendant's post-judgment motions was entered. No new notice of appeal was filed subsequent to the February 18, 1983 order.

This Court held that inasmuch as the defendant's notice of appeal was filed before the entry of the order on the post-judgment motions, it was premature and had no effect. Furthermore, since no notice of appeal had been filed within 30 days after the entry of the February 18, 1983 order, that the provisions of Rule 4(b) had not been complied with. Thus, the appeal was dismissed.

In the case of *Gilliam v. Butler,* a Middle Section case authored by Judge Cantrell, filed January 19, 1983, [Application for Permission to Appeal denied, concurring in results only by the Supreme Court on March 28, 1983] the Middle Section overruled the appellee's motion to dismiss the appeal under the following circumstances: The appellant filed a notice of appeal after the trial court orally overruled appellant's motion for a new trial, at which time the trial court wrote the word "overruled" on the motion docket. This notice of appeal was filed before the entry of an order overruling the motion. No notice of appeal was filed by the appellant after the entry of this order.

The Middle Section noted that the issue was whether the lower court had disposed of appellant's motion for a new trial at the time appellant's notice of appeal was filed. The Court reasoned that while Rule 58.02, Tennessee Rules of Civil Procedure, provides a uniform procedure for the entry of a judgment, Rule 4, T.R.A.P., indicates that a motion can be disposed of in some manner other than by the filing of an order. Therefore, since the trial court had orally overruled appellant's motion, had made a nota-

tion of this disposition in his motion docket, and had "indicated this oral ruling was a Rule 4(b) disposition," then the trial court's action constituted a "disposition" of appellant's motion for a new trial under 4(b); thus the notice of appeal was filed after "the final disposition of the appellant's motion."

In our opinion, the case *sub judice* can be distinguished from *Gilliam v. Butler, supra,* upon the facts. We do not have in the case at bar anything in the record to indicate any notations of any type by the trial judge, or anything in writing indicating that he was attempting to make a Rule 4(b) disposition.

■ We respectfully disagree with the conclusion reached by our brothers in the Middle Section. We see nothing in Rule 4(b), T.R.A.P., to indicate that a motion can be disposed of in any manner other than by the filing of an order. We believe our reasoning is reinforced by the provisions of Rule 58.02, T.R.C.P., which states in part as follows:

> The effective date of judgments and *other actions of the court shall be the date of filing*; provided, however, that no judgment or *other action of the court* shall be filed unless and until it bears the signature of the judge and either: (1) the signature of all parties or their counsel or (2) a certificate of counsel or the clerk that copies of the judgment or *action of the court* have been served on all parties or counsel of record. [Emphasis supplied]

■ A reading of the above clearly indicates that not only judgments but "other actions of the court" [i.e., an order overruling a motion] become effective as of the date of filing.

Furthermore, Rule 4(b), T.R.A.P., provides in part: "A notice of appeal filed before the filing or disposition of any of the above motions [under Rules 50.02, 52.-02, or 59.03] shall have no effect.... A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above."

■ To this Court, a reading of these provisions of Rule 4(b), T.R.A.P., clearly

indicates that "disposition" of these post-judgment motions means the entry of the order disposing of these post-judgment motions.

■ There are two basic principles of appellate jurisdiction. First, the filing of the notice of appeal transfers jurisdiction to the Court of Appeals, and second, jurisdiction must exist at the time it attaches and cannot be acquired on the basis of later events. The filing of a notice of appeal as provided for in Rule 4, T.R.A.P., is both mandatory and jurisdictional. See *Gentry v. Cupp, supra; State v. Williams,* 603 S.W.2d 157 (Tenn.Cr.App.1980). There is good reason for the rule having been written as it is. Clearly, a notice of appeal filed before the filing of a post-trial motion, or while a post-trial motion is pending, cannot embrace any objections to the denial of the post-trial motion. It is obviously preferable to postpone the notice of appeal until after such a motion is disposed of.

As noted above, not only does Rule 58.02, T.R.C.P., clearly set forth the effective date of disposition of such motions, being "an action of the court," but as a practical matter, it makes sense to wait until the order of disposition is entered. The trial judge, after an oral ruling on a post-judgment motion, could alter, amend, or even reverse his position between the time of the oral hearing and the entry of the order.

Prior to the 1979 amendment to 4(a)(4), Federal Rules of Appellate Procedure, which made Federal Rule 4 almost identical with our T.R.A.P. Rule 4, it appears that the weight of authority in the federal system was to the effect that the premature filing of a notice of appeal would not cause a dismissal where no prejudice resulted to the appellee. As noted by the Fifth Circuit Court of Appeals in the case of *Beam v. Youens,* 664 F.2d 1275, 1276 (5th Cir.1982):

> The reasoning underlying these cases is that although the filing of notice of appeal within the prescribed time limits is a jurisdictional prerequisite to appeal itself, a court should treat a premature appeal as from final judgment so as to avoid a denial of justice, expense, and inconven-

ience in the absence of prejudice to appellee. There is, however, the other side of the coin. In *Century Laminating, Ltd. v. Montgomery,* 595 F.2d 563, 568 (10th Cir. 1979), . . . for example, it was stated that

Litigants—appellees as well as appellants—have a right to rely upon conformity by their adversaries with applicable statutes and rules, especially when compliance with the rule is a jurisdictional prerequisite to the appeal itself. . . . There is some virtue in finality—in an end to litigation. When a notice of appeal is prematurely filed the case is not in limbo. The trial court retains jurisdictions and a timely appeal may be taken from the final judgment when entered.

Under our interpretation of Rule 4(b), defendant's notice of appeal was premature and thus had no effect. No notice of appeal was filed within 30 days after the entry of the order overruling the post-judgment motions. Accordingly, we have no alternative but to dismiss this appeal. Costs in this cause are taxed to the defendant, for which execution may issue, if necessary.

NEARN, P.J. (W.S.), and HIGHERS, J., concur.