F I L E D
United States Court of Appeals
Tenth Circuit

April 3, 2006

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

HARRY B. WILLIAMS,

      Defendant - Appellant.

No. 05-1049

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 02-CR-493-MK)**

---

David A. Lane of Killmer, Lane & Newman, LLP, Denver, Colorado, for Defendant-Appellant.

Martha A. Paluch, Assistant United States Attorney (William J. Leone, United States Attorney, with her on the brief), District of Colorado, Denver, Colorado, for Plaintiff-Appellee.

---

Before **BRISCOE**, **McKAY**, and **SEYMOUR**, Circuit Judges.

---

**McKAY**, Circuit Judge.

---

Defendant was convicted, after a four-day jury trial, of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). He had been involved

in a dispute with several construction sub-contractors which resulted in Defendant firing shots at them. Defendant was tried on state felony charges stemming from the shooting incident. He was convicted on misdemeanor charges of reckless endangerment.

Defendant's predicate felony offense was a 1989 plea of nolo contendere to a violation of California Health and Safety Code § 11351. This statute provides in relevant part that "every person who possesses for sale or purchases for purpose of sale (1) any controlled substance . . . *shall be punished by imprisonment in the state prison for two, three, or four years*." (Emphasis added).

Prior to trial, the government filed a motion requesting that the district court take judicial notice that a violation of this statute is a crime punishable by imprisonment for a term exceeding one year. Defendant's counsel opposed this motion. At a motions hearing, the district court granted the government's motion in part "insofar as [the court] take[s] judicial notice of the contents of the statute, and in light of the fact that there has been no argument to the contrary." The district court noted, however, that judicial notice of the statute "does not relieve the government of the obligation in its case to prove that Mr. Williams was indeed convicted of the statute."

Defendant was sentenced to only ten months' imprisonment for his

conviction under § 11351 and therefore argues that this conviction did not constitute a felony. He argues that, by taking judicial notice of the fact that a violation of § 11351 is a felony, the court impermissibly relieved the government of its burden to prove each and every element of the crime charged beyond a reasonable doubt.

Defendant's second challenge on appeal pertains to a supplemental instruction given by the district court after defense counsel's closing argument. Defense counsel argued that a deficiency in the paper work pertaining to Defendant's California conviction–a certain box was not checked–meant that Defendant was not convicted of a felony. After hearing argument from counsel, and after the conclusion of closing arguments, the court gave the jury the following supplemental instruction:

> In closing arguments, you have heard reference to whether or not the defendant has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year. That is part of Instruction No. 13. It is the first element that the Government must prove beyond a reasonable doubt. If you conclude that the government has proved that element beyond a reasonable doubt, you should not consider whether or not the conviction was lawful. That issue is not before you.

Defendant argues that the giving of this supplemental jury instruction warrants reversal.

Defendant argues that, because he was not sentenced to "imprisonment in the state prison for two, three, or four years" as stated in § 11351, he could not

-3-

have been convicted of violating this statute, and therefore the government did not prove that he had sustained a felony conviction. (Defendant was sentenced to ten months in jail and probation.)

A district court's decision of "whether to take judicial notice of facts is reviewed for abuse of discretion." *Lozano v. Ashcroft*, 258 F.3d 1160, 1164 (10th Cir. 2001). The district court here took judicial notice that a violation of the California statute § 11351 is a crime punishable by more than one year of imprisonment.

"That the courts are allowed to take judicial notice of statutes is unquestionable." *United States v. Coffman*, 638 F.2d 192, 194 (10th Cir. 1980). Statutes are considered legislative facts–"established truths, facts or pronouncements that do not change from case to case but apply universally"–and courts may take notice of legislative facts. *Id*. at 195. In addition, for purposes of determining a felony conviction, "[w]hat matters is not the actual sentence which the [defendant] received, but the maximum possible sentence." *United States v. Arnold*, 113 F.3d 1146, 1148 (10th Cir. 1997). Therefore, the fact that Defendant's term of imprisonment was reduced by probation does not convert his violation of the statute into a misdemeanor.

Defendant also maintains that, by "taking judicial notice of the fact that a plea of nolo contendere is the same as a plea of guilty," the district court relieved

-4-

"the government of proving his conviction beyond a reasonable doubt." It is particularly with this argument that Defendant's counsel does a good job with a difficult case. However, we have held that the plea of nolo contendere under Colorado law satisfies "'conviction in any court' as the term is used in 18 U.S.C. § 922." *United States v. Brzoticky*, 588 F.2d 773, 774-75 (10th Cir. 1978).

Defendant's second challenge is that the district court erred in giving the jury a supplemental instruction after defense counsel's closing argument. The submission of a supplemental jury instruction "is a matter committed to the trial court's discretion." *United States v. Arias-Santos*, 39 F.3d 1070, 1075 (10th Cir. 1994).

In closing argument, defense counsel argued to the jury that Defendant was not convicted of a prior felony offense because a box was left unchecked on his California sentencing form. The court, in response, instructed the jury that this legal issue–whether a violation of § 11351 constitutes a felony–was not properly before them. In *Lewis v. United States*, 445 U.S. 55, 67 (1980), the Supreme Court stated that "a convicted felon may challenge the validity of a prior conviction, or otherwise remove his [firearm] disability, before obtaining a firearm. We simply hold today that the firearms prosecution does not open the predicate conviction to a new form of collateral attack." Therefore, we do not bar Defendant from attacking the predicate felony conviction, but he must attempt

-5-

this in another forum and not through collateral review when being prosecuted for possession of a firearm.

We **AFFIRM** the judgment of the district court.