**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4579**

UNITED STATES OF AMERICA,

                 Plaintiff - Appellee,

         v.

DEREK F. GAVEGNANO,

                 Defendant - Appellant.

Appeal from the United States District Court for the Western
District of Virginia, at Charlottesville.    Norman K. Moon,
District Judge.  (3:05-cr-00017-nkm)

Submitted:  October 28, 2008      Decided:  January 16, 2009

Before MOTZ, TRAXLER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael T. Hemenway, THE LAW OFFICES OF MICHAEL T. HEMENWAY,
Charlottesville, Virginia, for Appellant.   Julia C. Dudley,
Acting United States Attorney, Jean B. Hudson, Assistant United
States Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derek F. Gavegnano appeals his conviction on two counts of receipt of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2), 3261(a) (2006); one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4), 3261(a) (2006); and one count of importation or transportation of obscene matters, in violation of 18 U.S.C. §§ 1462, 3261(a) (2006). We have reviewed the record and find no reversible error.

Gavegnano first claims the district court erred in denying his motion to suppress based on violation of his Fourth and Fifth Amendment rights when evidence against him was obtained from a government-issued laptop. We review legal conclusions underlying the denial of a motion to suppress de novo, and review factual findings for clear error. United States v. Moreland, 437 F.3d 424, 433 (4th Cir. 2006). The evidence is construed in the light most favorable to the Government. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

To establish a violation of his Fourth Amendment rights, Gavegnano must establish that he had a "legitimate expectation of privacy" in the computer searched. United States v. Simons, 206 F.3d 392, 398 (4th Cir. 2000) (citing Rakas v. Illinois, 439 U.S. 128, 143 (1978)). To prove a legitimate

2

expectation of privacy, Gavegnano must show that his subjective expectation of privacy is one that society is prepared to accept as objectively reasonable. Simons, 206 F.3d at 398. As the district court properly held, this he did not do.

It is uncontroverted that when Gavegnano was issued a government computer, the user agreement he signed stated that he was aware of the acceptable use of all government-issued information systems, that he consented to the monitoring of the information systems, and included the statement that he understood that monitoring was not selective and would include all activities on the information system. Moreover, the user agreement form Gavegnano signed applied to his use of all computer systems owned by the governmental agency for which he worked, which included the laptop he used in Qatar, on which the pornographic images were found. On these facts, and construing the evidence in favor of the Government, see Seidman, 156 F.3d at 547, we find no clear error by the district court in its determination that Gavegnano had no reasonable expectation of privacy in the unauthorized use of his government-issued laptop computer such that his Fourth Amendment rights were violated.

Gavegnano's Fifth Amendment claim, based on the fact that, after invoking his right to consult with an attorney, he was asked for, and revealed, the password to the computer, also fails. Any self-incriminating testimony that he may have

3

provided by revealing the password was already a "foregone conclusion" because the Government independently proved that Gavegnano was the sole user and possessor of the computer. See United States v. Stone, 976 F.2d 909, 911 (4th Cir. 1992) (quoting Fisher v. United States, 425 U.S. 391, 411 (1976)).

Next, Gavegnano challenges the district court's taking of judicial notice of the court's jurisdiction insofar as its failure to instruct the jury that it was not required to accept as conclusive any fact judicially noticed, as required by Fed. R. Evid. 201(g). Specifically, he takes issue with the district court's judicial notice that Gavegnano was charged with crimes punishable by over a year in prison.

Rule 201(a) limits the scope of Rule 201 to judicial notice of adjudicative, not legislative, facts. See Fed. R. Evid. 201(a) advisory committee notes. Here, the fact of which the district court took judicial notice, i.e., the penalty for the crimes with which Gavegnano was charged, is fixed, does not change from case to case, and applies to all cases in which those crimes were charged. Hence, it is a legislative, not an adjudicative fact. See, e.g., United States v. Williams, 442 F.3d 1259, 1261 (10th Cir. 2006) (citations omitted) ("statutes are considered legislative facts" of which the authority of courts to take judicial notice is "unquestionable."). Accordingly, the district court was under no obligation to

4

follow the jury instruction requirement set out in Rule 201(g), and it committed no reversible error in its failure to instruct the jury pursuant to Rule 201(g).

In a related claim, Gavegnano also challenges the district court's taking of judicial notice of the element that the crimes with which he was charged were punishable by more than one year in prison if committed in the United States, an element required under 18 U.S.C. § 3261, claiming that the court's action precluded him from requiring that the Government prove each element of the charges against him beyond a reasonable doubt. He supports his argument by reference to Virginia state law statutes regarding obscene material that carry sentences of less than a year. He also asserts that one of the charges carried a penalty of "zero to five" years. His argument is without merit.

First, as discussed above, the district court properly may take judicial notice of legislative facts, and such legislative facts include the interpretation of statutes. Fed. R. Evid. 201(a) advisory comm. notes. Moreover, the requirements of Rule 201(b) state that a "judicially noticed fact must be one that is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Here, the length of

punishment is determined simply by reading the text of the statutes violated, each of which provide that violation of the statute is punishable by more than one year in prison.[*]

Second, Gavegnano's reliance on the fact that certain Virginia state statutes provide for punishment of less than a year for the receipt and possession of obscene material is misplaced, as Gavegnano was not charged under Virginia law, but rather under federal statutes for offenses that took place in Qatar. As it is undisputed that, on their face, the federal statutes under which Gavegnano was charged carried sentences of more than one year, the length of the relevant penalties cannot reasonably be questioned. Hence, the fact of that penalty properly was found by judicial notice.

Likewise without merit is Gavegnano's contention that judicial notice was not proper because one of the charges carried a penalty of "zero to five" years. As the crimes all were *punishable* by imprisonment for a term exceeding one year, the actual prison sentence imposed is not relevant to the

---

[*] Counts One through Six of which Gavegnano was charged alleged a violation of 18 U.S.C. § 2252(a)(2), requiring a punishment of five to twenty years in prison. See 18 U.S.C. § 2252(b)(1) (2006). Count Seven, alleging a violation of 18 U.S.C. § 2252(a)(4), is punishable by up to ten years in prison. See § 2252(b)(2) (2006). Count Eight, alleging a violation of 18 U.S.C. § 1462 (2006), is punishable by up to five years in prison.

determination of whether judicial notice in this case was proper. See e.g., United States v. Jones, 195 F.3d 205, 207 (4th Cir. 1999).

Gavegnano's additional assertion, that by taking judicial notice the district court erroneously precluded him from requiring the Government to meet its burden of proof for the element of § 3251 requiring the alleged crimes to carry a prison sentence of over a year, is without merit. As the length of the penalty properly was a judicially noticed fact, the Government was without obligation to prove that element, and we find no error.

Gavegnano's final claim on appeal is that the district court erred in admitting the forensic report which detailed the contents of the computer containing child pornography. His objection is based on his contention that the chain of custody for the computer had not been adequately established because other individuals handled the computer after it was taken away from him, such that tampering could have occurred.

Pursuant to Fed. R. Evid. 901(a), a party introducing evidence is required to authenticate it with "evidence sufficient to support a finding that the matter in question is what its proponent claims." The proper inquiry relating to chain of custody is whether the authentication testimony was sufficient to "convince the court that it is improbable that the

7

original item had been exchanged with another or otherwise tampered with." United States v. Howard-Arias, 679 F.2d 363, 366 (4th Cir. 1982) (citation omitted). Chain of custody precision is not an "iron-clad requirement" and a "missing link does not prevent the admission of real evidence, so long as there is sufficient proof that the evidence is what it purports to be and has not been altered in any material aspect." Id. (internal quotation marks and citation omitted). Once evidence is established that the item is what it is purported to be any "[r]esolution of whether evidence is authentic calls for a factual determination by the jury. . . ." United States v. Branch, 970 F.2d 1368, 1370 (4th Cir. 1992). It is the jury's job to evaluate any defects in the chain of custody and accept or disregard evidence. United States v. Clonts, 966 F.2d 1366, 1368 (10th Cir. 1992). The decision to admit evidence at trial is within the sound discretion of the district court and we review for abuse of discretion. United States v. Jones, 356 F.3d 529, 535 (4th Cir. 2004).

Here, the Government satisfied its Rule 901(a) burden. Evidence was introduced that the forensic report contained information found on Gavegnano's computer. Evidence was presented that matched the serial number for the computer subject to the forensic report with the computer and hard drive issued to Gavegnano. Gavegnano admitted that the computer

8

placed into evidence, which was the same computer from which the files listed in the forensic report were taken, was the same one taken from him in Qatar. The Government introduced testimony by the man who saw pornography on Gavegnano's computer before it was taken by the Government. There was no evidence or indication of any tampering with the computer between the time it was taken from Gavegnano and the time the forensic report was compiled. That others looked at or used Gavegnano's computer during the time it was in custody, and the possibility that they may have tampered with the computer, was an issue for the jury to consider. See Branch, 970 F.2d at 1370. We find no abuse of the district court's discretion when it found the Government had established a sufficient chain of custody and admitted the forensic report.

Accordingly, we affirm Gavegnano's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED