NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 25, 2009
Decided February 26, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-2666

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Indiana, Evansville Division. |
| *v.* | No. 3:07CR00028-001 |
| JUAN A. ARROYO, *Defendant-Appellant.* | Richard L. Young, *Judge.* |

**O R D E R**

Following a controlled buy of methamphetamine from Juan Arroyo, police executed a search warrant for Arroyo's apartment in Evansville, Indiana, and found 691 grams of methamphetamine, drug paraphernalia, and nearly $14,000 in currency. Arroyo was taken to the police station where, after receiving *Miranda* warnings, he admitted that the methamphetamine was the bulk of two pounds he bought for distribution several months earlier. Arroyo later denied that he ever gave this confession and pleaded not guilty to charges of distribution of methamphetamine and possession with intent to distribute. *See* 21 U.S.C. § 841(a)(1). After a two-day jury trial, he was found guilty on both counts. The district court sentenced Arroyo to two concurrent terms of 120 months' imprisonment, well below the guidelines range of 151 to 188 months.

Arroyo filed a notice of appeal, but his appointed counsel moves to withdraw because he is unable to discern a nonfrivolous basis for the appeal. *See Anders v. California*, 386 U.S. 738 (1967). We invited Arroyo to comment on counsel's submission, *see* CIR. R. 51(b), but he has not responded. Our review is limited to the potential issues identified in counsel's facially adequate brief. *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

At trial the district court took judicial notice, and instructed the jury to accept as fact, that methamphetamine is a Schedule II controlled substance and that Evansville is located in the Southern District of Indiana. Counsel posits that the classification of methamphetamine and the boundaries of the judicial district are "elements" of § 841(a)(1), and thus he questions whether Arroyo could challenge his convictions on the ground that removing these issues from the jury's consideration deprived him of his Sixth Amendment right to a jury trial. Counsel also questions whether the court violated Federal Rule of Evidence 201(g) by not giving the jury an option to disregard the facts judicially noticed. Counsel concludes that the court committed error but reasons that an appellate argument would be frivolous because Arroyo was not prejudiced. We agree with counsel that an argument about the court's use of judicial notice would be frivolous, but counsel's premise that the court committed error is incorrect.

Judicial notice is a doctrine that authorizes the finder of fact to waive proof of facts that cannot reasonably be contested. *See* FED. R. EVID. 201; *Galina v. INS*, 213 F.3d 955, 958 (7th Cir. 2000); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997). But Rule 201, which governs a district court's use of judicial notice, applies only to adjudicative facts, which are "simply the facts of the particular case" or, stated differently, "those to which the law is applied in the process of adjudication." FED. R. EVID. 201 advisory committee's note; *see Gen. Elec. Capital Corp.*, 128 F.3d at 1081; *Ind. Harbor Belt R.R. Co. v. Am. Cyanamid Co.*, 916 F.2d 1174, 1182 (7th Cir. 1990). By contrast, the classification of methamphetamine, *see* 21 U.S.C. § 812; 21 C.F.R. § 1308.12(d)(2), and the geographic boundaries of the judicial district encompassing Evansville, s*ee* 28 U.S.C. § 94(b)(3), are not elements of § 841(a)(1) or adjudicative facts; these are legislative facts for the court to decide, *see United States v. Williams*, 442 F.3d 1259, 1261 (10th Cir. 2006) ("Statutes are considered legislative facts . . . and courts may take notice of legislative facts."); *United States v. Coffman*, 638 F.2d 192, 194-95 (10th Cir. 1981) (explaining that district court may take judicial notice of statutes and regulations and thus may instruct jury that drug is a controlled substance and listed on a particular schedule); *see also United States v. Wisniewski*, 741 F.2d 138, 142 (7th Cir. 1984) (district court properly took judicial notice that drug was a Schedule I controlled substance); *United States v. Rumell*, 642 F.2d 213, 216 (7th Cir. 1981) (district court properly took judicial notice that Indianapolis is located in Southern District of Indiana). The district court defined methamphetamine as a Schedule II controlled substance and conveyed that

Evansville is in the Southern District of Indiana; the court did not invade the jury's province to decide whether the substance Arroyo possessed was in fact methamphetamine or whether his possession actually occurred in Evansville and thus within the district.

Counsel has not identified any other potential issue, and thus, we GRANT the motion to withdraw and DISMISS the appeal.