**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 08-4031**

─────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

COYT BRYANT,

            Defendant - Appellant.

─────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Malcolm J. Howard, Senior District Judge.  (4:06-cr-00035-H-1)

─────────

Submitted:  July 8, 2009            Decided:  July 20, 2009

─────────

Before TRAXLER, Chief Judge, and MOTZ and AGEE, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Richard Croutharmel, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Coyt Bryant appeals his conviction on a guilty plea and sentence on a charge of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924 (2006). The district court enhanced Bryant's sentence, after determining that he qualified as an Armed Career Criminal, and sentenced him to 195 months' imprisonment and a five-year term of supervised release. On appeal, Bryant challenges only the district court's reliance on a prior New York state conviction for second degree attempted burglary, asserting that the conviction does not qualify as a predicate offense under the Armed Career Criminal Act ("ACCA") because he received a sentence of exactly one year. We affirm.

Under § 924(e), a "violent felony" is defined as a crime punishable by imprisonment for a term exceeding one year that is one of several specified offenses, or a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii) (2006). In determining whether a crime is a violent felony within the meaning of § 924(e), the offense properly is considered generically in terms of how the offense is defined under the law, rather than in terms of how an individual offender might have committed it on a given occasion. Begay v. United States, 128 S. Ct. 1581, 1584 (2008).

2

Declining, as in United States v. Jones, 195 F.3d 205 (4th Cir. 1999), to apply an "individualized analysis," we held in United States v. Harp, 406 F.3d 242 (4th Cir. 2005), that, "to determine whether a conviction is for a crime punishable by a prison term exceeding one year, Jones dictates that we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Harp, 406 F.3d at 246 (emphasis omitted).

Bryant does not dispute that the maximum sentence that could be imposed upon any defendant under the law in New York for a conviction for second degree attempted burglary could exceed one year.[*] Accordingly, we find no error by the district court in applying the § 924(e)(1) enhancement, and we affirm Bryant's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] A court may take judicial notice of statutory penalties. See, e.g., United States v. Williams, 442 F.3d 1259, 1261 (10th Cir. 2006) ("statutes are considered legislative facts" of which the authority of courts to take judicial notice is "unquestionable").

3