# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs May 1, 2012

## STATE OF TENNESSEE v. TRAVIS DAVISON

### Appeal from the Criminal Court for Shelby County
### No. 07-06894    John T. Fowlkes, Jr., Judge

### No. W2011-02167-CCA-R3-CO  - Filed November 20, 2012

The Appellant filed a motion to correct a judgment pursuant to Tennessee Rule of Criminal Procedure 36 in the Shelby County Criminal Court.  The trial court subsequently entered an order denying the Appellant's motion.  In this appeal, the Appellant contends that the trial court erred in denying his motion.  Because there is no appeal as of right from the denial of a Rule 36 motion to correct a judgment, the appeal is dismissed.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and CAMILLE R. MCMULLEN, JJ., joined.

Travis Davison, Memphis, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Senior Counsel; Amy P. Weirich, District Attorney General; and Theresa Smith McCusker, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

In 2007, the Appellant was indicted for one count of possession of marijuana with intent to sell and one count of possession of marijuana with intent to deliver, both Class E felonies.  See Tenn. Code Ann. § 39-17-417.  On January 4, 2008, the Appellant entered into a plea agreement in which he agreed to plead guilty to one count of possession of marijuana with intent to sell, a Class E felony, as a Range I, standard offender.  The plea agreement reflected that the Appellant would be sentenced to "85 days (time-served)."  The special conditions section of the judgment form also stated as follows, "This is a time-served settlement."

On August 22, 2011, the Appellant filed a "motion for correction of clerical error, or clarification of judgment pursuant to Rule 36 Tennessee Rules of Criminal Procedure." In the motion, the Appellant argued that because he received a sentence of less than one year, "the offense was reduced to a misdemeanor offense" from a Class E felony and that the judgment should be altered to reflect that he was convicted of a misdemeanor. The trial court denied the motion stating that the Appellant "freely and voluntarily entered into an agreement with the [S]tate for disposition of his case" and that he pled guilty to a Class E felony. The trial court concluded that the fact that the Appellant's "sentence was less than one year does not change what occurred; that he freely and voluntarily entered a plea of guilty to a felony. No clerical [error] occurred."

On appeal, the Appellant contends that the trial court erred in denying his Rule 36 motion to correct a judgment. The Appellant argues that because his sentence was less than one year, one of the following factual scenarios must have occurred: (1) that the judgment incorrectly reflects that he was sentenced as a Range I, standard offender when he was actually sentenced as a mitigated offender; (2) that the judgment incorrectly reflects that he was convicted of a felony when he was actually convicted of a misdemeanor; or (3) that he was actually convicted of a Class E felony and sentenced as a Range I, standard offender, but his sentence is illegal and void because it was for less than one year. The State responds that the appeal should be dismissed because there is no appeal as of right from a denial of a Rule 36 motion to correct a judgment.[1] The State additionally responds that with respect to the Appellant's argument that his sentence is illegal and void, the Appellant is not entitled to a writ of habeas corpus.

Tennessee Rule of Criminal Procedure 36 provides that "the court may at any time correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the

---

[1]Effective July 1, 2012, Tennessee Rule of Criminal Procedure 36 and Tennessee Rule of Appellate Procedure 3 were amended to allow for an appeal as of right to this court for a trial court's denial of a motion to correct a judgment. However, the Appellant's notice of appeal was filed prior to July 1, 2012. "There are two basic principles of appellate jurisdiction. First, the filing of the notice of appeal transfers jurisdiction to the [Court of Criminal Appeals], and second, jurisdiction must exist at the time it attaches and cannot be acquired on the basis of later events." Steele v. Wolfe Sales Co., 663 S.W.2d 799, 802 (Tenn. Ct. App. 1983), rev'd on other grounds, Spann v. Abraham, 36 S.W.3d 452, 461 (Tenn. Ct. App. 1999); see also United States v. Rumell, 642 F.2d 213, 215 (7th Cir. 1981) (stating that under the federal rules, appellate "jurisdiction must exist at the time [the] notice [of appeal was filed] and cannot be acquired on the basis of later events") (quotation marks omitted); State v. Jacob Aaron Faulkner, No. M2011-00801-CCA-R3-CD, 2012 WL 1965374, at *5 n.2 (Tenn. Crim. App. June 1, 2012); State v. Deangelo M. Radley, No. M2011-00165-CCA-R3-CD, 2011 WL 4695652, at *3 (Tenn. Crim. App. Oct. 7, 2011), perm. app. filed, (Dec. 6, 2011) (both cases noting that appeals regarding certified questions of law are governed by the rule in effect at the time the question was certified). As such, in this opinion we will follow the rules in effect at the time the Appellant filed his notice of appeal.

record arising from oversight or omission." Tennessee Rule of Appellate Procedure 3(b) provides as follows:

> In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law dispositive of the case . . . or if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had. The defendant may also appeal as of right from an order denying or revoking probation, and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding.

The denial of a Rule 36 motion to correct a judgment is not covered under Tennessee Rule of Appellate Procedure 3(b); therefore, the Appellant does not have an appeal as of right from the trial court's denial, and this court lacks jurisdiction to entertain such an appeal. See Jonathan Malcolm Malone, No. M2004-02826-CCA-R3-CO, 2005 WL 1330792, at *2 (Tenn. Crim. App. June 6, 2005); State v. Timmy Herndon, No. W2001-02981-CCA-R3-CD, 2003 WL 21339297, at *2 (Tenn. Crim. App. May 2, 2003), perm. app. denied, (Tenn. Oct. 6, 2003).

In his reply brief, the Appellant contends that this court should grant review of the trial court's denial under the common law writ of certiorari and cites to this court's opinion in State v. Bruce C. Reliford, No. W1999-00826-CCA-R3-CD, 2000 WL 1473846 (Tenn. Crim. App. Oct. 2, 2000), to support his argument. The writ of certiorari may be granted "in all cases where an inferior tribunal . . . has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy." Tenn. Code Ann. § 27-8-101. In Reliford, this court granted review of the trial court's denial of a motion for "correction/reduction of sentence" under the common law writ of certiorari where the trial court incorrectly determined that it was without jurisdiction to entertain the motion. 2000 WL 1473846, at *2. There is no evidence that the trial court in the present matter exceeded its jurisdiction or acted illegally in denying the Appellant's motion. The trial court reviewed the Appellant's motion on the merits and simply concluded that no clerical error existed in the judgment. Accordingly, we concluded that there is no basis for treating this appeal as a petition for review by way of the writ of certiorari.

With respect to the Appellant's argument that the sentence on his judgment was illegal and void, the State correctly notes that the Appellant is not entitled to a writ of habeas corpus in this matter because the Appellant is neither imprisoned nor restrained of liberty for the conviction.  See Hickman v. State, 153 S.W.3d 16, 22-24 (Tenn. 2004).  Therefore, we decline to treat this case as an appeal of a denial of habeas corpus relief.

Upon consideration of the foregoing and the record as a whole, we conclude that there is no basis for this court to entertain an appeal of the trial court's order denying the Appellant's motion to correct a judgment.  Accordingly, the appeal is dismissed.

_____
D. KELLY THOMAS, JR., JUDGE